GEORGE M. FINCH vs. GILBERT B. BURR ET ALS.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Forms of proceeding for the accomplishment of justice, whether through the use of a legal fiction or of particular kinds of judicial processes, are but means to an end. They are not so essential to its attain-

ment that every departure from them makes what is done a nullity.

One who procures the dispossession of another from land with force and strong hand, without other warrant than a void writ, is liable to the person dispossessed in an action of forcible entry and detainer. But an execution issued upon a judgment which has been satisfied in fact, although not discharged of record, is not void; the defendant may enjoin its service, and if the plaintiff causes it to be served with knowledge of the facts and with malicious intent, he will be liable therefor in damages.

The same principle applies to an execution issued after the judgment creditor is dead: the officer who serves it in good faith; and the personal representative of the decedent who in good faith causes it to be served, are not trespassers. Nor can such representative be chargeable with malice as matter of law, merely because he knew of his intestate's death; such knowledge is not legally inconsistent with an honest belief in his right to enforce the judgment which his intestate had previously recovered.

On the last day allowed for redemption in a judgment of foreclosure, the mortgagor surrendered possession of the premises to the mortgagee. Later he became a subtenant, and, after the mortgagee's death and the expiration of the tenant's term, refused to leave the premises. The mortgagee's administrator thereupon procured an execution on the foreclosure judgment, and caused him to be ejected thereunder. *Held* that notwithstanding the judgment had been satisfied by the original surrender of possession, and the death of the mortgagee had made the issuance of the execution irregular, the administrator, having acted in good faith and having obtained only what he was justly entitled to, was not liable in damages.

Argued April 10th—decided May 1st, 1907.

ACTION of forcible entry and detainer, brought to and tried by the *Hon. Howard J. Curtis*, judge of the Court of Common Pleas for Fairfield County. Judgment for defendants. *No error.*

*Howard W. Taylor*, for the appellant (plaintiff).

*Samuel A. Davis*, for the appellees (defendants).

BALDWIN, C. J. The complaint alleges that the defendant Burr, as administrator of the estate of John P. Keeler, deceased, forcibly put the plaintiff out of possession of certain lands, and with the other defendants, is

keeping him, with a strong hand, out of possession of them.

The material facts are these: The plaintiff, on December 26th, 1905, was occupying the premises as his homestead. He had mortgaged them to Keeler, who had obtained a decree of foreclosure, and that day was the last on which he could redeem. He did not redeem, but on that day sold part of his furniture to one Durgy, and Durgy hired the premises from Keeler and moved in, with the plaintiff's consent. The plaintiff, a few days afterward, left the premises, not intending to return to the State. A month later he did return, and Durgy sublet to him four rooms. Durgy's lease expired April 1st, 1906, and on that day he moved out, but the plaintiff did not and proceeded to extend his possession to the entire house. Keeler had died on March 24th. On April 7th Burr was appointed administrator of his estate, and retained an attorney to put the plaintiff out. The attorney was the same who had obtained the foreclosure, and had previously, on April 5th, procured from the clerk of the court the issue of a writ of execution in ejectment, founded on the foreclosure judgment. This execution he now had served, and the plaintiff was forcibly ejected upon it. The administrator thereupon let the premises to the two other defendants, who went into possession under the lease.

There was no evidence of any use of "force and strong hand" except in serving the execution. It is plain, therefore, that judgment was properly rendered for the two defendants who came in later as tenants under the administrator.

The administrator himself was liable to the action if he procured the dispossession of the plaintiff with force and strong hand, without other warrant than a void writ.

The judgment in favor of Keeler was for two things, a foreclosure and possession. By force of it, before his death Finch's equity of redemption had been forever extinguished. The judgment for his dispossession provided for a stay of execution until January 5th, 1906. Before

that time Finch removed from the premises and from the State, turning over the possession to Durgy. Durgy, having hired them from Keeler, must be deemed to have taken possession for him. The judgment was therefore fully executed before Keeler died.

Nevertheless, as its execution did not appear on the records of the court, it remained the prima facie duty of the clerk to issue final process on demand of the plaintiff's attorney. The attorney who demanded it had, in fact, ceased to be the plaintiff's attorney by reason of the plaintiff's death. He acted, however, it is found, in good faith, and while he knew of this death, the clerk, so far as appears, did not.

An execution issued upon a judgment satisfied in fact, but not of record, is not void; although the defendant in the action may have preventive relief against its service, and if it should be served by the plaintiff's direction, with knowledge of the facts and malicious intent, there will be a liability to respond in damages. *Luddington* v. *Peck*, 2 Conn. 700. The same principle must govern when an execution is issued on a judgment in favor of a dead man, the death not having been suggested upon the record, and not being in fact known to the clerk of the court. The sheriff who, acting in good faith, may serve it is no trespasser. He has a process valid upon its face. The party who put the execution in his hands, if acting in good faith, is also no trespasser. While the proper method of proceeding for Burr, as the administrator of Keeler's estate, would have been to sue out a *scire facias*, his failure to pursue that course was but an irregularity. Had it been an execution to collect a sum of money, and the officer had collected the money and made return accordingly, the judgment, according to a decision of the Superior Court in the eighteenth century, would have been discharged. *Worthington* v. *Hosmer*, 1 Root, 192. A judgment is not annulled by the death of the judgment creditor. Whether the State sees fit still to enforce it in his name, or in that of his personal representatives, and whether in the latter

case a preliminary writ should first be applied for, is a matter of mere form. The whole law of executors and administrators is bound up in the legal fiction that their title relates back to the moment of the death of him whom they represent, and that through them his personality, for certain purposes, is prolonged. To make this the more effectual, courts have never hesitated, in case of the death, pending suit, of a party to the action, to date back some of the steps in the proceeding so as to make them appear to have been taken before they were. Had the judgment in Keeler's favor been rendered after his death, on a hearing had while he was in life, it would have been fully effectual if entered *nunc pro tunc.* So, under the English practice at common law, if an execution bore teste of a date before the plaintiff's death, on which it might lawfully have been granted, it was of force although not issued until after that event. *Center* v. *Billinghurst,* 1 Cow. (N. Y.) 33. Forms of proceeding for the accomplishment of justice, whether through the use of a legal fiction or of particular kinds of judicial processes, are but means to an end. They are not so essential to its attainment that every departure from them makes what is done a nullity. In the case at bar, after a judgment for possession, the plaintiff had been put in possession by the voluntary act of the defendant, and had then died. The administrator upon his estate, having subsequently found the original defendant again in possession, employed an attorney to eject him, and the attorney proceeded to do so, under an execution on the satisfied judgment. It was both a misuse of process and the use of an irregular process, but neither of these facts rendered the writ absolutely void. *Reynolds* v. *Corp,* 3 Caines (N. Y.) 267, 273; *Day* v. *Sharp,* 4 Whart. (Pa.) 339, 34 Am. Dec. 509; *Hughes* v. *Wilkinson's Lessee,* 37 Miss. 482; *Jenness* v. *Circuit Judge,* 42 Mich. 469, 4 N. W. 220.

The plaintiff, while conceding the actual good faith of Burr, in using the execution to dispossess him, contended that it was not good faith in law. This apparently rests

upon the claim that the facts found exclude the possibility of such good faith as would constitute any legal defense to the action. Burr's knowledge that Keeler was dead was not legally inconsistent with his honest belief that he had a right, as the representative of the decedent, to enforce the judgment for possession, previously recovered. To charge him with a *scienter* in the respect mentioned does not convict him of malice.

In the view of the law which we have taken, the exceptions founded on the refusal of the court to alter its finding of fact in certain points become immaterial.

There is no error.

In this opinion the other judges concurred.