FRANCIS DUNN ET ALS. APPEAL FROM PROBATE.

MICHAEL DUNN ET ALS. *vs.* MARGARET GRANT ET AL.

Third Judicial District, New Haven, June Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

One who fraudulently sells land under an order of court for much less than its market value, and thereby defrauds the owner, is liable to him for the resulting damage, notwithstanding a bond with surety may have been given for a proper execution of the order; the remedy on the bond being cumulative, not exclusive.

The right to recover such damages accrues as soon as the transaction is complete, and no return to court is necessary to pass title to the purchaser.

In case of the owner's death thereafter, the right of action survives under our statute (Public Acts of 1903, Chap. 193) and passes to his executor or administrator; and the latter only can appeal from any orders of court respecting the sale which were passed before the owner's death.

The Practice Act and rules made pursuant thereto have swept away, in furtherance of the attainment of substantial justice, all the mere technicalities of the common law in regard to making and describing parties to actions.

An action to recover damages from a conservator for fraud in selling land of his ward, since deceased, below its market value, was brought in the names of the individuals who were, and who in the complaint were described as, the residuary legatees under the will of said ward and her only heirs at law. The complaint also alleged that one of the plaintiffs, *D*, was the duly qualified executor of said will, a copy of which was annexed, and that the decedent left no debts. No demurrer was filed, and until final argument no objection was taken on the ground that the action should have been brought by the executor, as such. *Held* that under these circumstances, and inasmuch as the plaintiffs were the real par-

ties in interest, the trial court was fully warranted in disposing of the cause upon its merits, and in treating $D$ as a party of record, both as an executor and as an individual; and that if the defendant had wished to make $D$ assume more explicitly the additional position of an executor, on the face of the papers, she could have made a motion to that effect.

Every court of record has inherent power to make the history which it keeps of its proceedings speak the truth; and therefore a Court of Probate may amend its original record to accord with the facts, pending an appeal from its orders and decrees.

A statement in the draft-finding marked "proven," to the effect that it did not appear whether there were claims against the estate of a decedent at the time of his death, is not inconsistent with one in the finding of the court, as finally made up, that the decedent owed no debts at his death and had for several years been incompetent to contract any. The former statement refers to the evidence before the court, and the latter to the court's conclusion from all the evidence.

Argued June 3d—decided August 3d, 1908.

ACTIONS brought to and tried together by the Superior Court in New Haven County, *Curtis, J.* The first was an appeal from certain decrees of the Court of Probate for the district of Naugatuck. They were affirmed by the Superior Court. The second was for an injunction, such other relief as the court might deem proper, and damages. Judgment for plaintiffs to recover $880 damages. *No error on either appeal.*

*Terrence F. Carmody*, for the appellants (plaintiffs).

*John O'Neill* and *William Kennedy*, for the appellees (defendants).

BALDWIN, C. J. In August, 1901, a conservator of Hanora Dalton, a widow about seventy-four years old, living in Naugatuck, was appointed by the Court of Probate for the district of Naugatuck, and from that time to her death, which occurred June 10th, 1907, she was very weak mentally and physically. In 1898 she had made a will, making a specific bequest to Michael Dunn, a son-in-law, naming him as sole executor, and giving her residuary

estate to him and his three minor children, Francis, Hanora, and Loretta, who were her grandchildren and only living descendants. Michael and his daughters lived in Pennsylvania. Francis lived with Margaret Grant of Naugatuck, who was a niece of Mrs. Dalton, and who knew the contents of the will. In 1905 she succeeded to the conservatorship, and took Mrs. Dalton to her own house, where she kept her till her death.

In January, 1907, she filed an account as conservator, which was accepted; showing a balance due her, mostly for necessaries furnished, of about $500.

Mrs. Dalton had owned a homestead in Naugatuck for many years, which at this time, as Margaret Grant well knew, was worth $2,300, and was subject to mortgages for $500, executed by preceding conservators. On May 27th, 1907, her conservator applied to the Court of Probate for an order of sale of this real estate. It could not be beneficially divided for purposes of sale, and it was reasonably necessary to sell the whole of it. She was asked by the judge of probate if there were any interested parties out of the State, and told him that there was a son-in-law, Michael Dunn, whose residence she did not know. This was true; but she knew that she could learn it by asking Francis Dunn.

May 31st, 1907, was then set by the court for the hearing, and notice ordered and given by publication in a local newspaper. No one appeared on the day named except the conservator, and an order of sale was passed. Shortly before, the judge of probate had told Francis Dunn that such a hearing was to take place, and asked him to notify his father. Francis replied that he would, but he did not. The conservator requested Francis, who was then nearly of age, to appear, but he refused. Michael Dunn and his daughters knew nothing of the application until after June 10th.

In May and June, Hanora Dalton was very weak and obviously near death. The conservator was aware of this, and desired to hurry through a sale while Mrs. Dalton was

alive, and also before Michael Dunn and his daughters came to Naugatuck on a visit which, as she knew, they planned to make in July. She had conceived a scheme of selling the land, free of incumbrances, for $1,500, to some person with whom she might have an understanding that he was to reconvey to her personally for the same sum; and induced one Moulthrop, who was ignorant of its value, to purchase it on June 8th, on those terms and with that understanding. It did not appear that he knew that this would be injurious to Mrs. Dalton or profitable to Margaret Grant. She made no reasonable effort to obtain a purchaser at a reasonable price, and acted negligently and fraudulently, in thus selling to Moulthrop. With reasonable efforts she could have sold it for $2,300. He took immediate possession, but paid her only $500, with which she discharged the mortgages. The deed to him was filed by her for record on June 10th, and about two hours afterward Mrs. Dalton died.

On June 8th the conservator filed in the Court of Probate an account, which was accepted on that day; showing the receipt of $1,500 for the land sold, and crediting herself with the $500 paid on the mortgages, and other proper items. The balance stated as due from her was $166.12. The judge of probate knew nothing of the value of the land, except what the conservator told him. On June 14th she filed a return of the sale to Moulthrop.

A few days later the will was admitted to probate, and Michael Dunn qualified as executor.

His three children, who are the sole heirs at law of Hanora Dalton, appealed from the several decrees of the Court of Probate relative to the appointment and proceedings of Margaret Grant as conservator, and on the same day joined with him in a suit against her and Moulthrop, charging them with fraudulent conspiracy to cheat Hanora Dalton and the plaintiffs by obtaining the title to the real estate of Mrs. Dalton for an inadequate consideration. The plaintiffs were named in the writ simply as individuals, but in the complaint it was averred that Hanora Dalton died tes-

tate; that her will, a copy of which was annexed, had been duly probated; that Michael Dunn had duly qualified as executor; that plaintiffs were the persons described in the will, and the only heirs of Mrs. Dalton; and that she had no creditors at the time of her decease. All the allegations of the complaint were found true in the judgment-file, except that as to a fraudulent conspiracy. As to this, it was found that there was no such conspiracy; Moulthrop not being chargeable with any fraudulent intent, although Margaret Grant was.

The only person whom the law can recognize as injured by the sale was Hanora Dalton. The transaction was complete and the deed filed for record, before her death. No return of sale was necessary to pass the title. *Bryan* v. *Hinman*, 5 Day, 211.

She had a right of action against Margaret Grant for the damage resulting from the fraud of the latter in selling what was worth $2,300 for $1,500.

One who sells land under order of court on such terms as to defraud its owner, is liable to him at common law for the resulting damage, notwithstanding a bond with surety may have been given for a proper execution of the order. The remedy on the bond is cumulative, not exclusive.

Mrs. Dalton's right of action survived in favor of Michael Dunn as the executor of her will. Public Acts of 1903, p. 149, Chap. 193. A recovery by him, since she died owing no debts, would enure to the benefit of him and his three children as her residuary legatees. They joined with him in an action for the damages suffered by Mrs. Dalton, and also for equitable relief. While the writ does not describe him as executor, the complaint does. There was no demurrer on the ground that he sued individually and had no right of action as such. The only objection on that score was taken orally on the final argument, and the court was, under the circumstances, well warranted, in disposing of the cause, as it had been tried, upon the merits, and regarding Michael Dunn as a party on the record, both as an executor and an individual. The Practice Act and the rules framed

under it swept away, in furtherance of the attainment of substantial justice, all the mere technicalities of the common law in regard to making and describing parties to actions. *Bowen* v. *National Life Asso.*, 63 Conn. 460, 475, 27 Atl. 1059. Michael Dunn, individually, as one of the four residuary legatees, was a real party in interest within the meaning of the Rules of Court. Practice Book (1908), p. 238, § 126. If Margaret Grant, who is the only party appealing from the judgment for damages, had wished to make him assume more explicitly the additional position of an executor, on the face of the papers, she could have moved to that effect. General Statutes, §§ 621–623.

If any one was aggrieved by any of the decrees of the Court of Probate, it was Hanora Dalton, for all were passed before her death. Her right of appeal passed to her executor; but he has not seen fit to avail himself of it. His children could not.

In their motion for an appeal, they alleged that the return of sale was accepted and approved by the Court of Probate on June 14th, which was after the death of Mrs. Dalton. This, if true, gave them as her heirs at law and residuary devisees a right of appeal from the decree. Their reasons of appeal reiterated this statement, but it was traversed and has been found untrue.

All the other decrees, as against the appellants, were good, because they were not legally aggrieved by them. The result to which the Superior Court came, therefore, was right, and it is unnecessary to inquire whether they were fully justified, since there was no appeal from any of them by the only party who could challenge their validity —the executor.

The finding shows that while a proper bond with surety was ordered and given by the conservator, and a proper finding of the necessity for a sale made, before the order of sale was passed, these facts did not appear upon the original record of the proceedings, but were added by amendment, pending the appeal. Their omission did not render the decree void ; and the defect was effectually cured by

the amendment. Every court of record has inherent power to make the history which it keeps of its proceedings speak the truth. *Tyler* v. *Aspinwall*, 73 Conn. 493, 496, 47 Atl. 755; *Taylor* v. *Gillette*, 52 Conn. 216, 218.

A paragraph in a draft-finding filed by Margaret Grant was marked *proven* by the trial court, which states that whether there were claims against Mrs. Dalton's estate at the time of her decease did not appear. This is not inconsistent with the statement in the finding, as finally made up, that she owed no debts at that time, and had been incompetent to contract debts since August 16th, 1901. The paragraph marked *proven* refers to the evidence before the court: the statement in the finding gives the conclusion of the court from the evidence and all the evidence.

There is no error on either appeal.

In this opinion the other judges concurred.