MARY DELANEY, INDIVIDUALLY AND AS EXECUTRIX, *vs.* JULIA KENNAUGH ET ALS.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND ELLS, JS.

In 1912, the defendant John as administrator of his mother's estate which had been in process of settlement since 1893, procured from the Court of Probate, an order for the sale of the real estate and, in accordance therewith, executed an administrator's deed to L, who immediately reconveyed the property to John, his two living brothers and two of his sisters. The present action to set aside these conveyances was brought by the widow of another of John's brothers, who had died without children previous to the transaction in question. *Held:*

1. That the trial court's finding that the conveyances were made without consideration, and its refusal to find that the plaintiff had actual notice of the sale by John as administrator, were supported by the evidence.

2. That since L was a mere conduit and the transaction was, in effect, an attempt by John as administrator to acquire a part of the property of the estate for himself without following the method prescribed by § 5020 of the General Statutes, it was voidable at the instance of the plaintiff, especially in view of the want of consideration; and that, although John's interest in the deed from L was only one fifth, it was sufficient to vitiate the entire instrument.

3. That the plaintiff was not guilty of laches, having had no notice of the facts until a short time before the commencement of the present action.

4. That the Superior Court had jurisdiction of the cause since the only redress open to the plaintiff in the Court of Probate— an accounting by John as administrator—was entirely inadequate to put the plaintiff in *statu quo ante*, in that it could not affect the other grantees in the deed from L, whose record title, fair

upon its face and not invalidated by John's failure to make a return of the administrator's sale, rested upon grant and not upon the laws of inheritance, and whose rights as strangers to the issues involved in the settlement of the estate could only be adjudicated in a court having unlimited and plenary equitable jurisdiction.

5. That the trial court erred in setting aside the deeds to and from L, since L and one of his five grantees were not parties to the action; but that, since it appeared that the deed from L carried his entire interest in the property to the five grantees and that the grantee in question had since conveyed his interest to one of the remaining four, the result could be properly accomplished by a decree ordering these four to execute such conveyances as would reinvest the complete title to the property in the estate.

Argued November 3d, 1926—decided January 28th, 1927.

ACTION to set aside an alleged fraudulent conveyance of real estate, brought to the Superior Court in New Haven County and tried to the court, *Yeomans, J.;* judgment for the plaintiff, and appeal by the defendant. *Error, and cause remanded for entry of judgment for plaintiff.*

*Joseph A. Bergin* and *William K. Lawlor,* with whom was *Jesse Devine,* for the appellants (defendants).

*John H. Cassidy,* for the appellee (plaintiff).

MALTBIE, J. On December 15th, 1893, Margaret Kennaugh died intestate at Waterbury, leaving certain real estate there located. She left as her heirs at law seven children, of whom one, John, was appointed and qualified as administrator. He entered upon the administration of the estate, by authority of the Court of Probate borrowed a large sum of money of a savings-bank, all the heirs joining in the mortgage, and in 1908 and 1909 erected upon the property a four-story building containing tenements and stores. In 1912 one of the sons of the intestate, William, died, leaving

no children but a widow, the present plaintiff, who is now executrix upon his estate.

In December, 1912, John, as administrator upon his mother's estate, applied to the Court of Probate for permission to sell the real estate, giving public notice of the application by one publication in a Waterbury newspaper, as directed by the court, but no other notice to the plaintiff, and on December 22d received authority to sell the property at public or private sale, first giving notice by publication in a Waterbury newspaper and by posting upon the public signpost. On December 26th John executed an administrator's deed of the property to one Lannen, and immediately thereafter Lannen executed a quitclaim deed of the property to John, his two living brothers, and two of his sisters. Only John and one of his sisters knew of these deeds until a considerable time thereafter. The trial court finds that the administrator's deed was made without consideration and that the property was at that time worth $2,500 above the incumbrances upon it. The plaintiff brings this action seeking, among other claims for relief, to have the deeds from John as administrator to Lannen and from Lannen to John and his brothers and sisters set aside and to have the title to the property settled in John as such administrator, and this relief the court granted.

The finding of the trial court that the administrator's deed was without consideration is attacked upon the appeal. John himself testified that he could not remember that any money was paid; the statement of the sister Julia that $600 was paid was entirely vitiated by her later retraction and her confessed inability to remember any details of the transaction; no one else testified to any payment being made; it does not appear that John ever accounted to the Court of Probate for any sums received on the sale; and all that does

appear is the recital in the administrator's deed to Lannen that it was given upon a consideration of $600. It is difficult to see upon the evidence how the court could have found otherwise than it did. It is true that the complaint alleged that $600 was paid by the grantees in Lannen's deed; but the defendant pleaded lack of knowledge as to the facts stated in the paragraph in which this allegation is included; and certainly in such a situation the plaintiff is not bound to it if the evidence shows that it was not true.

The appellant seeks to have the finding corrected by adding the additional fact that the plaintiff "had notice," which we take to mean actual notice, of the sale of the real estate by John as administrator, but the record is barren of evidence indicating such notice on her part, and she herself testified that she knew nothing of it until about the time this action was brought, in December, 1924. The court was justified upon the evidence in refusing to find that the payment of the funeral expenses of the plaintiff's husband was made from the funds of the estate, rather than by the brothers and sisters individually, and in refusing to find that the plaintiff, in consideration of this payment and the transfer to her of the proceeds of a certain insurance policy upon the life of her husband, orally agreed to accept the same in full settlement of her share in the estate of Margaret Kennaugh. The other corrections sought are immaterial.

It is evident that Lannen was a mere conduit in the transaction by which the title to the real estate passed from the estate to John, his brothers and sisters, and that they stood in the same position as though the conveyance had been made directly to them. Unless the method provided in § 5020 of the General Statutes is followed, a transaction by which an executor or administrator becomes a purchaser of property of the

estate is voidable at the instance of heirs or distributees, provided they take proper steps to that end; still less can he justify a transfer of the property to himself where no consideration is given the estate in return for it. *Filley* v. *Phelps,* 18 Conn. 294, 303; *Johnson* v. *Blackman,* 11 Conn. 342, 357; *Banks* v. *Judah,* 8 Conn. 145, 157; 4 Schouler on Wills, Exrs. & Admrs. (6th Ed.) § 3347; 3 Woerner on Administration (3d Ed.) § 487. It is true that the interest John acquired in the property by the transaction was only one-fifth, but the other grantees gave no consideration for the conveyances, and in such a situation surely John's interest was sufficient to vitiate the whole transaction. *Potter's Appeal,* 56 Conn. 1; 15, 12 Atl. 513. The appellants do not contest the right of the plaintiff, by virtue of her position as widow of one of the heirs of Margaret Kennaugh's estate and as administratrix upon his estate, to make objection to the transaction. See *Dunn's Appeal,* 81 Conn. 127, 131, 70 Atl. 703. The appellants point to the long delay of the plaintiff in settling the estate of her husband as constituting laches debarring her from prosecuting her present complaint; but, had she fully settled that estate, the effect would have been merely to transfer to those entitled to receive the property the right she now asserts; and even if her delay in that matter was not justifiable under the existing circumstances, it could in no way bar the right she is asserting against the defendants. It is true that a considerable time elapsed between the making of the conveyances and the bringing of the present action, but while it nowhere appears definitely in the finding that the plaintiff was without knowledge of the transaction, yet the testimony of the plaintiff, undisputed and consonant with the circumstances of the case, brought to our attention by the defendants in connection with their motion to correct the finding

to show that she did have notice, justifies us in regarding it as an established fact in the case that she did not know of the transaction until almost the time this action was brought. Lacking notice, she would not be chargeable with laches. *Potter's Appeal* 56 Conn. 1, 17, 12 Atl. 513.

The plaintiff was entitled to judgment, provided the court had jurisdiction to hear and determine the case. The defendants claim that the plaintiff should have sought her relief in the Court of Probate. Such relief as might there be had by requiring an accounting by the administrator would fall far short of the redress to which the plaintiff is entitled, a return to the *status quo ante.* The defendants other than John as administrator, are not now claiming their interests in the property by virtue of the laws of inheritance, but as grantees of a title derived through the sale of the lands by the administrator; they stand in the position of purchasers from him. The record fails to show that the administrator ever made any return of the sale, and we must therefore assume that he did not; but, by our law, the failure to make a return does not invalidate a title acquired upon an administrator's sale. *Dunn's Appeal,* 81 Conn. 127, 131, 70 Atl. 703. Where the title acquired by purchasers from an administrator is assailed for his constructive fraud in making the sale, they have a right to be heard before they can be deprived of the interest which their deed purports to convey to them. But they are strangers to the proceedings in the Court of Probate. A Court of Probate has such equity powers as are necessary to the settlement of the particular case then before it and to the proper determination of all questions involved in that settlement; *Massey* v. *Foote,* 92 Conn. 25, 26, 101 Atl. 499; but it does not have plenary powers in equity and cannot adjudicate questions affecting persons who are

strangers to the issues involved in the settlement of the estate. The rights of the defendants could only be adjudicated in a court having plenary equitable powers; *Hall* v. *Pierson,* 63 Conn. 332, 343, 28 Atl. 544; *Mallory's Appeal,* 62 Conn. 218, 223, 25 Atl. 109; *Hewitt's Appeal,* 53 Conn. 24, 37, 1 Atl. 815; *Vail's Appeal,* 37 Conn. 185, 195; and it follows that the Superior Court had jurisdiction of the case.

The record discloses that neither Lannen nor one of the grantees in his deed, Patrick Kennaugh, are parties to the action. Under such circumstances so much of the judgment of the court as sets aside the deeds from the administrator to Lannen and from him to the heirs of Margaret Kennaugh cannot be sustained. As Lannen is found to have conveyed all the interest he acquired by his deed to the grantees named in it, and as it is alleged in the complaint and admitted by the appellants, that Patrick Kennaugh subsequent to the deed from Lannen, conveyed all his interest in the premises to the defendant Julia Kennaugh, the court could properly have required her and the other grantees in Lannen's deed, aside from Patrick, to restore the property to the estate by appropriate conveyances. *Rose* v. *Persse & Brooks Paper Works,* 29 Conn. 256, 265. Because of the fact that John Kennaugh is both administrator upon the estate and a grantee in Lannen's deed, the judgment should provide that he convey by a good and sufficient deed all the right, title and interest in the premises acquired by virtue of the deed from Lannen, to the remaining grantees named in that deed and that thereupon they should convey all the right, title and interest in the premises acquired by them under and by virtue of both these deeds, to John as administrator upon the estate of Margaret Kennaugh, and that thereupon all the right, title and interest in the premises acquired by John Kennaugh

individually, Julia Kennaugh, Henry Kennaugh, and Mary Kennaugh Hodson under and by virtue of the deed from John Kennaugh as administrator to Lannen, the deed from Lannen to John Kennaugh and the other grantees therein named, the deed from Patrick Kennaugh to Julia Kennaugh and the deed from John Kennaugh individually to the other grantees in the deed from Lannen, should be reinvested in the estate of Margaret Kennaugh.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for the plaintiff in accordance with this opinion.

In this opinion the other judges concurred.