MICHAEL HENNESSY, ADMINISTRATOR, (ESTATE OF JAMES HENNESSY) *vs.* ALICE DENIHAN, ADMINISTRATRIX (ESTATE OF MARY MAGUIRE).

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued January 7th—decided March 3d, 1930.

*John J. Dwyer,* for the appellant (plaintiff).

*Samuel A. Herman,* for the appellee (defendant).

BANKS, J. Our statute (§ 6177) provides that (with certain exceptions not here involved) no cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of his executor or administrator, who may enter and prosecute within six months thereafter, and we have held that the statute applies to appeals from probate. *Stiles' Appeal,* 41 Conn. 329. James Hennessy, sole legatee and executor under the will of Mary Maguire, had presented to the Court of Probate of Torrington an application for the probate of her will. Upon his death pending such proceeding his executor or administrator could have entered and prosecuted it. He died after the hearing which was held upon his application. Had the court known of his death it could still have entered its decree *nunc pro tunc,* dating it back to a day subsequent to the hearing and prior to the date of his death to avoid the anomaly of entering a judgment against a person who was dead. *Collins* v. *Prentice,* 15 Conn. 423; *Brown* v. *Wheeler,* 18 Conn. 198; *Finch* v. *Burr,* 79 Conn. 682, 686, 66 Atl. 504; 1 Freeman on Judgments (5th Ed.) § 122; 1 Black on Judgments (2d Ed.) § 127. The court, however, in ignorance of the death of James Hennessy, entered its decree on March 12th, which was subsequent to the date of his death, from which decree his attorney, also in ignorance of his death, took an appeal to the Superior Court, which

appeal was not entered in that court, counsel having in the meantime learned of Hennessy's death. The decree of the Court of Probate was not rendered void because of the fact that Hennessy had died before it was entered. His death did not deprive the court of jurisdiction and the judgment thereafter rendered was merely irregular. "Forms of proceeding for the accomplishment of justice, whether through the use of a legal fiction or of particular kinds of judicial processes, are but means to an end. They are not so essential to its attainment that every departure from them makes what is done a nullity." *Finch* v. *Burr, supra,* p. 686. This decree of the Court of Probate was, unless and until it was set aside in some appropriate proceeding, a valid subsisting judgment. *Finch* v. *Burr, supra; Reid* v. *Holmes,* 127 Mass. 326; *Martin* v. *Wagner,* 124 Cal. 204, 56 Pac. 1023; *Jefferson* v. *Hicks,* 33 Okl. 407, 126 Pac. 739, 41 L. R. A. (N. S.) 1053; *New Orleans* v. *Gaines' Admr.,* 138 U. S. 595, 612, 11 Sup. Ct. 428; *Mitchell* v. *Schoonover,* 16 Ore. 211, 17 Pac. 867; 1 Black on Judgments (2d Ed.) § 200; 1 Freeman on Judgments (5th Ed.) § 122. The Court of Probate, upon being informed of the death of James Hennessy, could, of its own motion, have amended the record of its proceedings so that its judgment should speak as of a date prior to that of his death. *Dunn's Appeal,* 81 Conn. 127, 70 Atl. 703.

Although this decree of the Court of Probate was valid until set aside in a proper proceeding, the attorney for James Hennessy could not prosecute his appeal to the Superior Court, since the death of his client revoked his authority to take any further action in the matter. He was without authority to enter the appeal which he had taken in the Superior Court, indeed, the taking of the appeal was a nullity. *Barton* v. *New Haven,* 74 Conn. 729, 52 Atl. 403. The right of appeal

from the decree of the Court of Probate was not, however, lost by reason of the death of James Hennessy. It survived in favor of the administrator of his estate, Michael Hennessy, who could then suggest the death of James Hennessy upon the record and enter and prosecute the appeal. The appellant, Michael Hennessy, did enter as such administrator and suggest the death of James Hennessy upon the record, and filed a petition praying that the Court of Probate open its judgment denying probate to the instrument purporting to be the will of Mary McGuire, and that he might be heard in the matter. This petition the Court of Probate rightly denied. While Courts of Probate may modify and revoke *ex parte* orders, they have no power to set aside a final decree rendered after due notice and hearing of all parties interested. *Delehanty* v. *Pitkin,* 76 Conn. 412, 56 Atl. 881; *Gill* v. *Bromley,* 107 Conn. 281, 140 Atl. 721. The right which vested in Michael Hennessy as administrator of the estate of James Hennessy was not a right to have the judgment of the Court of Probate opened and a rehearing had, but it was the right to enter and prosecute an appeal from that decree. That right was not lost, since the death of James Hennessy suspended the running of the time within which such appeal might be taken. *Barton* v. *New Haven, supra.* By reason of his death before the decision of the Court of Probate there was no one in a position to prosecute an appeal at the time of that decision, and the period fixed for taking an appeal would begin to run when the administrator upon his estate was appointed. The appellant is virtually the plaintiff in such proceeding, and the rule that the statute of limitations begins to run against a cause of action accruing after the death of a decedent when a personal representative is appointed who can sue thereon applies by analogy to the running of the time

within which such appeal may be taken.  *Root* v. *Lathrop*, 81 Conn. 169, 70 Atl. 614; 37 Corpus Juris, p. 1034, § 443.  The petition of the appellant, in asking the Court of Probate to open its decree and rehear the matter, sought a remedy which the court had no power to grant, and the Superior Court properly dismissed the appeal from its action denying such petition.

There is no error.

In this opinion the other judges concurred.