## CHARLES HARGER
vs.
## GEORGE READINGS, JR., ET AL.

Superior Court     New Haven County     File #48874
     Present: Hon. ALFRED C. BALDWIN, Judge.

Edward J. Brennan,      Attorney for the Plaintiff.

Joseph Shelnitz &
    Henry T. Istas,      Attorneys for the Defendants.

## MEMORANDUM FILED FEBRUARY 3, 1936.

BALDWIN, J. It appears from the complaint that the plaintiff's mother deceased September 25, 1926, leaving a will which was admitted to probate in the Probate Court for the District of New Haven, in which she devised a life use in certain real estate to her husband, George Readings, Sr., with remainder to her husband's children, Kate Simpkins, Florence Millot, George Readings, Jr. and her own son, the plaintiff, to them and their heirs forever, share and share alike. That George Readings, Sr., was appointed and qualified as executor and acted as such until his death in 1934. That upon application of George Readings, Sr., as executor an order of the Probate Court authorizing the sale of the real estate of the deceased was issued and, thereupon, on or about October 9, 1928, George Readings, Sr., as executor sold to himself the real estate of his decedent, and thereafter on July 8, 1929, he conveyed by quit-claim deed this property to his own children, George Readings, Jr., Kate Simpkins and Florence Millot, without consideration and that these transactions on the part of George Readings, Sr., and his children were done with the intent of defrauding the plaintiff and to cheat him out of his interest in his mother's estate.

The defendant Henry T. Istas is the ancillary administrator of the estate of Florence Millot, who deceased in 1933, at which time she was a resident of Massachusetts.

The defendants demur to the complaint alleging as reasons therefor that the estate of Anna G. Readings is in process of administration in the Probate Court which has jurisdiction, no final account having been filed; that the plaintiff has an adequate remedy at law on the bond required in connection with the sale of the real estate, and that "This is a collateral attack on a decree of the Probate Court which authorized the sale to George Readings, Sr.," etc.

The demurrer assumes that the Probate Court authorized the executor to sell the real estate to himself. This cannot be the fact since it is well and has long been the settled law

that one holding property in a fiduciary capacity cannot sell to himself in his individual capacity such property. Such sale is constructively fraudulent.

**See Leake vs. Watson, 58 Conn. 332, 351, 352.**

This action is not a collateral attack upon any decree of the Probate Court; it is an action against these defendants as fraudulent grantees of property held in trust and the Probate Court has no jurisdiction over the cause of action here set up

**Delaney vs. Kavanaugh, 105 Conn. 557.**

The complaint sets up a cause of action based upon a fraudulent granting by a fiduciary of property held by him as such and a fraudulent receiving of such property by the grantees who were charged with knowledge that the property was trust property and that title was not received by them free of the trust.

The complaint is sufficient and the demurrers are overruled upon all grounds.