JOSEPH CATANZARO v. ANTHONY CATANZARO ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued December 4, 1940—decided February 7, 1941.

*Andrew D. Dawson,* for the appellant (plaintiff).

*Michael A. Ciano,* with whom, on the brief, was *Edward Mascolo,* for the appellee (defendant).

ELLS, J. The complaint in the action which is the subject of this appeal alleges that the named defendant, hereinafter referred to as the defendant, as administrator of his father's estate, conveyed real property to himself as an individual through a third person

who was used only as a means to convey title, that the property was reasonably worth $5000, but the defendant paid nothing for it, and that the conveyance was made with the purpose and intent of defrauding and did defraud the plaintiff, an heir at law, of his interest in the estate.

The trial court, whose finding of facts is not attacked, found that the inventory showed a deposit of $336.70 in a bank then in receivership, $12.30 in cash, and the real estate in question, appraised at $2000. The claims and administration expenses amounted to $2209. The defendant contributed approximately $2000, which together with the cash and such sums as were paid by the receiver of the defunct bank, paid the claims and expenses. The widow and heirs at law, including the plaintiff, had entered into an oral agreement that in consideration of this contribution the defendant would become the owner of his father's net estate. The conveyances complained of were made in consummation of this agreement. The defendant, with the knowledge and consent of the plaintiff and without advice of counsel, truthfully acquainted the Court of Probate with the details of the agreement and pursuant to its advice made application to sell the real estate, and gave due notice. The defendant had been advised by the Court of Probate that the conveyance must be made through a third person. The plaintiff, upon being told this, gave express consent and approval to the plan. Thereafter the hearing was held, the sale ordered, the conveyance made, and return of the sale duly rendered. The plaintiff signed the bond, as surety. The two deeds, and the various probate documents, were drawn by the clerk of the Court of Probate, with the knowledge, approval and consent of the plaintiff. The defendant as administrator filed his final account and after due

hearing it was accepted and approved by the Court of Probate.

The trial court concluded that the conveyances were not made with the purpose and intent to defraud the plaintiff of his interest in the estate, that the plaintiff suffered no financial loss, that he was fully aware of and consented to the conveyances prior to their execution, and that this action was brought because of acrimony which later arose out of a disagreement between these two brothers concerning matters not connected with the estate. These conclusions must stand, for they are fully warranted by the subordinate facts, and they dispose of all charges of actual fraud and lack of adequate consideration. This must end the case, for the complaint alleges only that the conveyance was made "with the purpose and intent of defrauding the plaintiff." It does not charge constructive fraud because of failure to follow the provisions of General Statutes, § 4951, the effect of which is to make voidable, under certain circumstances, a conveyance by an administrator, executor, trustee of an insolvent debtor or conservator to himself as an individual. *Delaney* v. *Kennaugh*, 105 Conn. 557, 561, 136 Atl. 108. The complaint recites the conveyances, and other alleged facts, as laying a foundation for the charge of actual fraud and lack of consideration. Not only does the complaint fail to suggest the issue of the statute, but the memorandum of decision of the trial court is confined to considerations of actual fraud and lack of consideration. One of the court's conclusions was that the conveyances were valid, but, in view of the circumstances stated above, this may well mean that they were not invalidated by fraud or lack of consideration. The statutory issue is not in the case. The fact that the finding states the plaintiff made certain claims of law, one of which concerned the statute in question,

and that the court rendered judgment for the defendants "notwithstanding" these claims, does not make that claim an issue in the case where it is not within the allegations of the complaint; unless, indeed, the case had been tried upon the theory that it was in issue; but the fact that the plaintiff made the claim does not show that the defendants consented to have it litigated. For all that appears, the court thus disposed of this particular claim because it was not contained in the complaint.

A further claim requires brief mention. There was a joint survivorship account in the name of the deceased and his wife. It represented money earned and contributed by the defendant. Upon the father's death his share became the property of the mother, as survivor. She turned it into a joint account, in her name and that of the defendant. It was out of this account that the defendant contributed the $2000 in payment of the claims and charges against the estate in question. The plaintiff claims that because of this subordinate fact the trial court could not reasonably conclude that this sum was a consideration for the conveyance. The court specifically found that the money belonged to the defendant. Upon the subordinate facts this finding cannot be successfully attacked.

There is no error.

In this opinion AVERY, BROWN and JENNINGS, Js., concurred.

MALTBIE, C. J. (concurring). I am willing to concur in the somewhat technical grounds upon which the opinion disposes of this case. In my judgment, however, the result would be the same if the appeal were regarded as presenting all the claims the plaintiff has made before us. It is my understanding of our law

that a conveyance of property by a fiduciary from which he derives a personal profit is not void, but if it is attacked the burden is upon him to establish that the transaction was in all respects fair and equitable. *State* v. *Culhane*, 78 Conn. 622, 628, 63 Atl. 636; *Sisk* v. *Jordan Co.*, 94 Conn. 384, 390, 109 Atl. 181; *Sachs* v. *Feinn*, 121 Conn. 77, 85, 183 Atl. 384. The facts abundantly establish the fairness and equity of the transaction by which the property was conveyed to the defendant Anthony Catanzaro.

A failure to follow the procedure authorized by § 4951 of the General Statutes would not make the conveyance void. That section provides that the Court of Probate "may" on the written application of an executor, administrator' or trustee of an insolvent estate or conservator, authorize some other person than the fiduciary to sell property of the estate and that at such sale the fiduciary may become the purchaser. This falls far short of providing that, unless the provisions of the statute are followed, a transaction by which one of the specified fiduciaries acquires property of the estate is void. The intent of the legislature is analogous to that expressed in § 4939, under which a Court of Probate "may" authorize fiduciaries to settle doubtful and disputed claims; if the statute is followed, the fiduciary is thereafter protected in any payments he makes in accordance with the order of the court; but, despite the statute, he may pay such claims, taking the chance of approval when he files his account. *Marks' Appeal*, 116 Conn. 58, 66, 163 Atl. 600. So the intent of § 4951 is to provide a method by which the specified fiduciaries can purchase property of the estate in such a way that thereafter the transaction is not open to question; it does not prevent the fiduciary from purchasing the property without compliance with the statute; but if he does so, the

transaction is thereafter open to attack upon the ground that it was constructively fraudulent. This construction of the statute is definitely stated in *Delaney* v. *Kennaugh,* 105 Conn. 557, 560, 136 Atl. 108, where we said: "Unless the method provided in [§ 4951] of the General Statutes is followed, a transaction by which an executor or administrator becomes a purchaser of property of the estate is voidable at the instance of heirs or distributees, provided they take proper steps to that end."