**Elizabeth Hunter DAVIS and Katherine Hunter Miller, Plaintiffs,**

v.

**Laura M. HUNTER and George S. Goodspeed, Jr., Defendants.**

**Civ. No. B-52.**

United States District Court,
D. Connecticut.

Nov. 12, 1970.

Herbert L. Cohen and Jonathan S. Bowman, of Cohen & Wolf, Bridgeport, Conn., for plaintiffs.

Frederick L. Comley and Jeffrey V. McCormick, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendants.

## QUESTION PRESENTED

TIMBERS, Chief Judge.

In this diversity action in which plaintiffs allege lack of capacity and undue influence in the execution of a will and in the creation of an inter vivos trust, and in which plaintiffs seek a declaratory judgment that the trust is invalid, defendants' motion to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, Rule 12(b)(1) and (6), Fed.R.Civ.P., presents the question, *inter alia,* of the standing of plaintiffs to sue.

For the reasons stated below, the Court holds that plaintiffs lack standing to sue and the action accordingly is dismissed.

## FACTS

The facts essential to a determination of the instant motion are not in dispute.

F. K. Middleton Hunter (decedent) died January 18, 1968, domiciled in the Town of Fairfield, Connecticut. He left surviving a widow, Laura M. Hunter, one of the defendants herein; and two daughters, Elizabeth Hunter Davis and Katherine Hunter Miller, plaintiffs herein.

On July 29, 1957, decedent executed a will under which he left most of his estate to his wife, Laura M. Hunter, who also was appointed executor. He expressly made no gifts in his will to his daughters, plaintiffs herein, "because they have been provided for otherwise and not because I lack affection for them."

On July 1, 1960, decedent created an inter vivos trust under which he was named life income beneficiary; his wife, Laura M. Hunter, was named beneficiary of the remainder; and George S. Goodspeed, Jr., one of the defendants herein, was named trustee.

Decedent's will was filed with the Probate Court for the District of Fairfield on April 18, 1968; but it has not been offered for probate. An inventory, for tax purposes only, was filed with the Probate Court on March 18, 1969, showing the value of the inter vivos trust as of the date of decedent's death to have been $399,774.47.

Plaintiffs allege that decedent was suffering from a degenerative mental disease at the time he executed the will and at the time he created the trust; that he was declared incompetent in 1964; and that he lacked capacity and was subjected to undue influence when the will was executed and when the trust was created. They seek from this Court a declaratory judgment that the trust is null and void and an order requiring defendants to account for all income and distributions made pursuant to the trust since decedent's death.

Plaintiff Elizabeth Hunter Davis is a California citizen. Plaintiff Katherine Hunter Miller is an Oregon citizen. Both defendants are Connecticut citizens.

## OPINION

Basic to a federal court's subject matter jurisdiction is the standing of plaintiffs to sue. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150 (1970); Barlow v. Collins, 397 U.S. 159 (1970); Flast v. Cohen, 392 U.S. 83 (1968).

■ The issue with respect to plaintiffs' standing to sue in the instant case arises from their lack of any interest in or right to the trust property. Even if they were to succeed in having the trust declared invalid (which is the chief relief sought in the instant action), the trust property would then pass under the will to beneficiaries other than plaintiffs. Until such time as the will is declared invalid and plaintiffs' interest, as heirs at law of decedent, in his intestate estate is established, plaintiffs have no beneficial interest in the estate and not even an indirect interest in claiming that the trust is invalid.

## I

■ It is common ground that this federal court has no probate jurisdiction; that all probate matters, including all proceedings relating to the validity of a will, are exclusively within the jurisdiction of the state probate courts; and that this federal court should scrupulously refrain from interfering, directly or indirectly, with state probate matters. Markham v. Allen, 326 U.S. 490, 494 (1946); In Re Broderick's Will, 88 U.S. (21 Wall.) 503 (1874); Hook v. Payne, 81 U.S. (14 Wall.) 252 (1871); Strickland v. Peters, 120 F.2d 53, 55 (5 Cir. 1941); Wright, Federal Courts § 25, at 85–86 (2d ed. 1970).

■ Plaintiffs apparently recognize this Court's lack of jurisdiction to adjudicate the validity of decedent's will; for, although they allege in their complaint lack of capacity and undue influence *in the execution of the will* as well as in the creation of the trust, they seek a declaratory judgment *only as to the invalidity of the trust*. Their purpose presumably is to plead in the probate court as *res adjudicata* the judgment they seek from this Court with respect to the invalidity of the trust. Even if plaintiffs had standing in this Court to attack the trust (which they do not have), this Court in the exercise of its equity jurisdiction would decline plaintiffs' invitation to do justice "by halves", since concededly the Court lacks jurisdiction to determine the validity of the will. Jackson v. United States National Bank, 153 F.Supp. 104, 118 (D. Oregon 1957). The fact that a testamentary trust was involved in *Jackson* does not dilute the force of Judge Mathes' reasoning as applicable to the instant case.

## II

Plaintiffs argue that "[b]ecause Connecticut probate courts do not have jurisdiction over inter vivos trusts, they being exclusively within the jurisdiction of courts of equity . . ., [p]laintiffs have no choice but to come to this [C]ourt". Such argument is a non-sequitur.

This United States District Court is *not* the only court of equity in Connecti-

cut competent to adjudicate the validity of an inter vivos trust (if plaintiffs had standing to sue here). The Superior Court of the State of Connecticut is a court of equity clearly competent to make such adjudication. Furthermore, since the Superior Court would have jurisdiction over any appeal from the probate court's determination as to the validity of the will and the Connecticut Supreme Court would have jurisdiction over any appeal from the Superior Court's determination of the issues with respect to both will and trust, there certainly is much—just as a matter of common sense—to commend having the Connecticut state courts adjudicate the validity of the will and the trust from beginning to end. Such procedure also would comport with a proper respect for the relations between the courts of the United States and the courts of the States, particularly upon matters so peculiarly within the province of the courts of the States as the validity of wills. Since it is not necessary to rest the decision in the instant case upon this ground, the Court expressly refrains from doing so.

### III

■ Plaintiffs further argue that "[d]efendants themselves are the ones who have made it impossible to probate the will", having merely filed the will in the probate court together with an inventory showing the assets of the trust for tax purposes only and showing no other assets to administer.

Plaintiffs are not precluded by any action on the part of defendants from applying to the probate court for appointment of a personal representative of decedent and thus obtaining a determination whether decedent died intestate.

■ During decedent's lifetime, plaintiffs had no interest in his estate and therefore had no standing to challenge the validity of the trust. The only person having such standing was decedent himself, or someone properly acting for him in a representative capacity. Upon his death, any existing right of action to set aside the trust and to seek an accounting of the trust assets passed to his executor or administrator under the provisions of Conn.Gen.Stat. § 52–599 (1958); and such executor or administrator is the only party having standing to prosecute such claims. Hennessy v. Denihan, 110 Conn. 646, 648, 149 A. 250, 251 (1930); Dunn's Appeal, 81 Conn. 127, 131, 132, 70 A. 703, 705 (1908); Stiles Appeal, 41 Conn. 329 (1874).

At the present time, the probate court has neither admitted a will of decedent to probate nor determined he died intestate. As a result, no personal representative has been appointed.

■ Plaintiffs argue that this is the fault of defendants because they filed an inventory in the probate court showing the assets of the trust for tax purposes only and showing no other assets to administer. The filing of such an inventory, however, does not prevent appointment of a personal representative Plaintiffs are the next of kin of decedent. Conn.Gen.Stat. § 45–274 (1958). They have standing to apply to the probate court for the appointment of an administrator. Conn.Gen.Stat. § 45–195 (1958). The existence of an unliquidated claim in favor of decedent's estate provides sufficient jurisdictional basis for the appointment of an executor or administrator by the probate court. Beach's Appeal, 76 Conn. 118, 55 A. 596 (1903); Chamberlin's Appeal, 70 Conn. 363, 379, 39 A. 734 (1898); Mack's Appeal, 71 Conn. 122, 41 A. 242 (1898); Hartford & New Haven Railroad Co. v. Andrews, 36 Conn. 213 (1869); see Reilly v. Pepe Co., 108 Conn. 436, 448, 143 A. 568 (1928).

It is the responsibility of an executor or administrator to gather up the assets of the decedent for administration. Where necessary, this duty extends to the institution of litigation to recover assets of the decedent held by others. Under Connecticut law, parties benefi-

cially interested in an estate may not sue in equity to recover assets of an estate on the ground that the decedent's personal representative has neglected his duty. Butler v. Sisson, 49 Conn. 580 (1882). Absent special circumstances, such as immediately impending waste, beneficiaries of an estate are left to their probate remedies which include the right to seek removal of the fiduciary, to object to his account and to bring suit upon his bond; and in the instant case, the right to seek appointment of an administrator in the first instance.

## IV

Assuming arguendo that under Connecticut law persons beneficially interested in a decedent's estate have standing to seek a declaratory judgment with respect to the right of the estate to assets in the hands of third parties and further assuming arguendo that the decedent's personal representative is not an indispensable party to such proceedings, plaintiffs at the present time cannot establish that they have a beneficial interest in the estate.

Plaintiffs allege that they are heirs at law of decedent, but they do not allege that they are beneficiaries under a duly admitted will of decedent or that decedent died intestate. The record before the Court on the instant motion shows that, unless decedent died intestate, plaintiffs are not beneficially interested in the estate and therefore are not even indirectly beneficially interested in the claim that the trust is invalid.

Plaintiffs have not alleged that decedent died intestate. The mere allegation that decedent was incapable of making a will at the time he executed the will presently on file in the probate court is not equivalent to an allegation that decedent died intestate, for there might be other unrevoked wills in existence.

As indicated above, plaintiffs recognize that this Court has no jurisdiction to determine the issue of intestacy. That issue is within the exclusive jurisdiction of the probate court. Accordingly, it follows that plaintiffs cannot establish that they have any interest in the subject matter of the instant action until such time as it has been determined by the probate court that decedent died intestate.

## V

■ Granting of a declaratory judgment is a matter within the discretion of the Court. It is an *in personam* proceeding which binds only those parties before the Court. It therefore should not be granted unless all interested parties are before the Court. Nor should it be granted if the Court is of the opinion that the parties should be left to some other form of relief. In the instant case plaintiffs have a remedy in the probate court. See Jackson v. United States National Bank, *supra*, at 118. An application by them for appointment of an administrator necessarily will require the probate court to determine whether decedent died intestate. Resolution of that issue by the only court having jurisdiction to determine it is at least necessary to establish plaintiffs' standing, if any, to claim that the trust is invalid; and it may eliminate altogether the necessity for the relief herein sought.

## ORDER

ORDERED that defendants' motion to dismiss the action be, and the same hereby is, granted, with costs.

---

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.