TOWN OF JEFFERSON *et al.* v. HICKS.

No. 47. Opinion Filed September 11, 1912.

(126 Pac. 739.)

1.  APPEAL AND ERROR—Determination and Disposition of Cause—Effect of Death of Parties. Where, after an appeal is perfected in this court, one of the parties dies before submission of the cause, a judgment rendered after submission of the cause without revivor and without the court's attention being called to the death of the party is not absolutely void, but voidable.

2.  SAME—Vacation of Judgment. By reason of sections 6094 and 6101, Comp. Laws 1909, made by section 6102 to apply to this court, in so far as their provisions are applicable to its final judgments and orders, this court is authorized, upon proceeding begun within three years after judgment is rendered, to set aside and vacate a judgment for death of one of the parties before judgment.

3.  SAME. Said statutes confer power upon this court to vacate after the term at which it is rendered a judgment for death of one of the parties before the cause was submitted, but they do not make it mandatory upon the court to do so; and where judgment is

rendered after death of defendant in error, affirming the judgment of the trial court, the attention of this court never having been called to his death, a motion of the plaintiff in error to vacate, filed approximately one and one-half years after judgment is rendered, will not be sustained, where it does not appear that plaintiff in error's petition states a cause for reversal, or that he was in any way prejudiced by the judgment being rendered without notice to the court of defendant in error's death and without revivor of the action.

(Syllabus by the Court.)

Motion and petition to vacate a judgment of affirmance. Denied.

For former opinion, see 23 Okla. 684, 102 Pac. 79.

*Earl Blake, W. A. Ayres,* and *Walter A. Blake,* for plaintiffs in error.

*F. G. Walling, Harris & Nowlin,* and *Kenneth C. Crain, amici curiae.*

HAYES, J. Petition in error in this cause was filed on June 25, 1908. Service of summons in error was made in due time. Plaintiffs in error filed their briefs, and on December 30, 1908, defendant in error filed his brief. On January 29, 1909, counsel stipulated that the cause might be submitted on briefs without oral argument, and the cause was accordingly submitted; and on May 12, 1909, this court rendered its opinion and judgment affirming the judgment of the trial court. *Town of Jefferson et al. v. Hicks,* 23 Okla. 684, 102 Pac. 79, 24 L. R. A. (N. S.) 214. On August 4, 1910, plaintiffs in error filed in this court their petition and motion to vacate the judgment of affirmance rendered by this court, upon the ground that defendant in error had died on December 30, 1908, prior to the submission of the cause, and that no revivor of the action was had before the rendition of said judgment. The fact of defendant in error's death was brought to the knowledge of the court for the first time by this motion. The motion is silent as to whether plaintiffs in error were informed of his death when their counsel stipulated for the submission of the cause upon briefs, or when the judgment for defendant in error was rendered. Nor has any explanation been

made why this motion was not made until approximately one and one-half years after the judgment it seeks to vacate was rendered.

This proceeding presents to this court the question as to what is the effect of a judgment rendered on appeal in this court, where one of the parties to the appeal dies after the action is begun in this court, but before the submission of the cause and the rendition of judgment. It is the contention of plaintiffs in error that such a judgment is absolutely void. In *Goldsborough v. Hewitt,* 26 Okla. 859, 110 Pac. 906, it was held that the death of a defendant in error after the submission of the cause, but before opinion and judgment therein, did not impair the validity of the judgment; and that, upon the court's attention being called to the death of the party, judgment will be entered *nunc pro tunc* as of the date the cause was submitted. This case was approved and followed in *Boyes et al. v. Masters et al.,* 28 Okla. 409, 114 Pac. 710, 33 L. R. A. (N. S.) 576. On the other hand, it has been held that a petition in error filed in this court against a defendant in error who died after judgment in the trial court, but before filing the petition in this court, is a nullity, and jurisdiction of this court cannot be obtained by service of summons in error upon attorney of the deceased (*St. L. & S. F. R. Co. v. Nelson,* 31 Okla. 51, 119 Pac. 625); but the foregoing cases are not decisive of the question here involved. The cases from other jurisdictions directly in point and those in point by analogy are in irreconcilable conflict. The text-writers seem to be unanimous in the assertion that the weight of authority sustains the doctrine that a judgment, although erroneous, is not void because rendered after the death of one of the parties occurring before the submission of trial of the cause where the court had obtained jurisdiction of the subject-matter of the action and of the person of the deceased before his death. Freeman on Judgments, sec. 153; Black on Judgments, sec. 200; 11 Encyc. of Plead. & Prac. p. 843. We have extensively examined the cases, and believe they support the assertion of the text-writers. An interesting collection and discussion of the cases will be found in a note to *Wardrobe v. Leonard,* 126 Am. St. Rep. 619. At com-

mon law the early rule existing at the time the common law was transplanted into this country was that the death of either party abated an action, and a judgment rendered against a deceased person was void. *Randall's Case,* 2 Mod. 308. This rule was first modified by a statute, which, in substance, provided that the death of neither plaintiff nor defendant between verdict and judgment should be assigned for error, provided judgment should be entered within two terms after such verdict. 17 Car. II, c. 8, sec. 1. The effect of this statute as construed by the courts was that although plaintiff or defendant died before verdict, if he died during term time, the cause might proceed to trial and judgment upon the theory that the entire term in contemplation of law is but one day. The rule was further modified by a later statute, which provided that, if a plaintiff or a defendant should die, after interlocutory and before final judgment, the action should not abate, if such action could be originally prosecuted by or against the executors or administrators of the parties dying. 8 & 9 William III, c. 11, sec. 6. But, since both of these statutes were enacted after the fourth year of the reign of James I, they and the construction of them by the English cases have no binding force in this country. *Life Association of America v. Fassett,* 102 Ill. 315.

The doctrine above referred to as being supported by the weight of authority in this country has grown up under statutes providing substantially as is provided by the statute of this state, which reads as follows:

"No action pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which abates by the death of the defendant." (Section 5944, Comp. Laws 1909.)

The time within which, in whose name, and the procedure by which a revivor of any action may be made is provided by sections 5949 to 5959, Comp. Laws 1909. These statutes, except as to certain specifically named actions, abrogate the common-law rule that the action abates upon the death of either party, and provide for its continuance. Upon the death of the plaintiff,

the action may be revived in the name of the representatives to whom the right has passed. Where the right has passed to the heirs or devisees of the deceased, who could support the action if brought anew, the action may be revived in their name. Section 5954, Comp. Laws 1909. Upon the death of defendant the revivor may be against his personal representative or against both his personal representatives and his heirs, when the right of action survives against them. Section 5955. "While the court ought," as said by one author, "to cease to exercise its jurisdiction over a party at his death, the neglect to do so does not render such judgment void. It is voidable when properly assailed." The reason upon which this rule is founded is that a contrary doctrine would be fraught with great mischief and evil in its results. The final judgments of courts of record ought to have some sanctity. It seems to us that a long step has been taken toward undermining and destroying the stability of all judgments of the court, when it is held that although the record shows the court had jurisdiction of the subject-matter, and had obtained regularly jurisdiction of the parties, and although the judgment upon its face is free from infirmities, and although the facts *aliunde* the record sustain the showing of the record that the court had acquired jurisdiction of the parties, a person who founds his rights upon such a judgment cannot feel secure therein or convince the world of its validity until he can show *aliunde* the record that at no step in the progress of the cause in the court the court lost jurisdiction because of the death of one of the parties. Such a rule would occasionally surround the judgments of all the trial courts with great uncertainty, and would frequently have that effect upon judgments of this court, for a void judgment may be set aside at any time upon motion of either of the parties in the action, or upon motion of any one affected by it.

That such judgments are not absolutely void, but voidable only, does not rest in this state alone upon reason and the expression of the weight of authority from other jurisdictions under statutes similar to section 5944, Comp. Laws 1909, *supra,* but also, we think, upon the expression of the legislative will voiced in other provisions of our Code. Section 6094, Comp. Laws 1909,

provides that the district court shall have power to vacate its own judgments or orders at or after the term at which any judgment or order was made upon any one of nine grounds specified in nine subdivisions of the section. Some of these subdivisions read as follows:

"First. By granting a new trial for the cause within the time and in the manner prescribed in section 5829. * * * Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. * * * Sixth. For the death of one of the parties before judgment in the action. * * *"

Section 6101 reads as follows:

"Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven of section 6094 must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind and then within two years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three years, and in subdivision nine, within one year after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

Under the last sentence of this section any void judgment may be vacated at any time, but by the preceding sentence a judgment may be vacated for death of one of the parties only when the proceeding is begun in three years after the judgment is rendered. It is apparent that this statute does not treat judgments rendered after the death of a party as void, but as voidable only, and this statute was enacted at the same time that section 5944, *supra,* was enacted. Section 6102 makes section 6094 and all subsequent sections of the article, including section 6101, apply to this court, in so far as the same may be applicable to its judgments or final orders. In the following cases, the courts, uninfluenced by any statute similar to the foregoing, authorizing appellate courts to vacate and correct after term time an erroneous judgment for death of one of the parties, have held that the death of one of the parties pending the appeal and before judgment does not make the judgment absolutely void. *Phelen v. Tyler,* 64 Cal. 80, 28 Pac. 114, approved and followed in *Wallace v. Center,* 67

Cal. 133, 7 Pac. 441, and in *Martin v. Wagner,* 124 Cal. 204, 56 Pac. 1023; *Deppen et al. v. Immohr's Ex'r,* 119 Ky. 413, 84 S. W. 333; *Reid's Adm'r v. Strider's Adm'r,* 48 Va. 76, 54 Am. Dec. 120; *Gibbs v. Belcher,* 30 Tex. 79.

The petition and motion to vacate was filed within three years after the judgment was rendered, and the remaining question to be considered is whether the statute makes it mandatory upon this court, upon the filing of such motion, to make its order vacating the judgment. We are of the opinion that it does not. The language of the statute is that "the court shall have power to vacate or modify its own judgment or final order at or after the term" upon certain named grounds, and not that the court "shall vacate them." Again, section 6098, which is also made by section 6102 to apply to this court in so far as it may be applicable to its judgments and final orders, provides that:

"A judgment shall not be vacated on motion or petition, unless it is adjudged that there is a valid defense to the action on which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action. * * *"

It has not been made to appear that plaintiffs in error have any alleged cause of action stated in their petition in error which they have been unable to present or have been hindered in presenting to this court because of the death of defendant in error. Nor has it been pointed out that they have been prejudiced in any other manner by the court's proceeding to judgment without its attention being called to the death of defendant in error and without revivor of the action. On the other hand their cause was ably briefed and submitted upon stipulation, for aught this record shows, with full knowledge at the time on the part of plaintiffs in error and their counsel of defendant in error's death. This court then determined that their petition and brief in support thereof did not state a cause for reversal of the judgment of the trial court, and no suggestion why we were in error has been made to us and none appears that was not then considered. It is not sought by this motion to have the action revived.

The motion and petition to vacate will therefore be denied, and the mandate may go to the lower court, where such action to

revive may be taken as the parties may deem necessary, and to which under the law they may be entitled.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.