## ARCHER v. HOLMES et al.

No. 18709.   Opinion Filed Oct. 2, 1928.

Rehearing Denied Dec. 4, 1928.

Mason & Harbison, for plaintiff in error.

Geo. W. Boone, for defendants in error.

REID, C.   The defendant in error, M. J. Holmes, filed his petition against T. J. Archer, plaintiff in error, and the Oklahoma Mortgage Company, in the district court of Tulsa county, on the 29th day of June, 1926, asking foreclosure of a mechanics' lien for labor performed by plaintiff in the erection of a building on certain real estate owned by Archer in the city of Tulsa, as well as upon a claim for like services rendered by another party and assigned to plaintiff, and alleging that each of said claims had been filed as required by law in the court clerk's office of said county in June, 1926.

The plaintiff caused summons to be issued on June 29, 1926, and the return which was made in time showed that the defendant Archer was not found in the county, but the other defendant was served. No other process was issued in attempting to serve Archer until the 29th day of September, 1926, when the plaintiff filed an affidavit in proper form asking for service by publication on the ground that Archer was a nonresident, and resided in Rogers, Ark. Summons was issued and published, and this service was approved by the court, the first publication being made on the 30th day of September, 1926. On the 31st day of December, judgment was entered for the plaintiff foreclosing his mechanics' lien in the amount sued for. On the 28th day of February, 1927, Archer, by his attorney, filed a motion and special appearance, asking the court to set aside and vacate the judgment, and as grounds therefor stated that the purported service of summons by means of publication and notice thereof was not issued, published, served, or returned according to law, and was insufficient to confer jurisdiction on the court over either the person of the defendant or subject-matter of the action, and that the default judgment rendered thereon was without legal effect and void.

This motion was overruled by the court; the defendant excepted, and brings the case here for review.

As we gather from defendant's entire brief, he submits this proposition: That, as the plaintiff did not obtain personal service of summons on him within 60 days, and did not within that time begin service by publication by having the first publication of such service made within 60 days from the filing of the petition, therefore, under section 187, C. O. S. 1921, the petition filed could not be the basis of an action, and the plaintiff's right to his cause of action failed.

In order that we may arrive at a correct

conclusion on this question, let us examine our Code. Under article 6, "Commencement of Action," section 231 provided:

. "A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

It will be observed that the requisites there stated for the commencement of an action were complied with the day the petition was filed. Subsequent sections of this article provide the method by which personal service shall be made on persons and corporations, and when service by publication may be had, and the manner of such service.

Section 260 under article 6 is as follows:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within 60 days after the filing of the petition."

This section is known as the lis pendens statute (Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099), and has no application in this case, for the reason that the defendant does not claim that he acquired any interest in the property during the interim from filing the petition and first publication of notice. He was the owner of the property at and during all the time herein mentioned.

The defendant contends that section 187, C. O. S. 1921, is controlling in his favor, but that section is from article 2, entitled "Limitation of Actions." Section 182 under this article provides:

. "Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation." .

And section 187, supra, is as follows: · ·

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly, and diligently endeavors to procure a service: but such attempt must be fol'owed by the first publication of service of summons within 60 days."

It will be seen that section 182 has provided that civil actions could only be commenced within the periods prescribed in article 2, after the cause of action accrued, except in special cases. And section 187 defines the procedure necessary to commence an action in order to toll the statutes of limitation, and is not intended to serve any other end.

. These lien claims, upon which the judgment of foreclosure was had, were filed in June, 1926, and the plaintiff had one year thereafter to bring his action thereon under section 7478, C. O. S. 1921. He filed his petition and had his summons issued, but was unable to obtain personal service, and under section 187, supra, this did not operate to toll the statute of limitations then running against his claims. English v. Rogers Lumber Co., 68 Okla. 238, 173 Pac. 1046. However, his petition remained on file and his cause of action with the right to enforce the same was good for the reason that before the year expired since the lien claims were filed, and before a third party acquired an adverse interest in the property, he not only caused a summons to be first published, but completed his service and obtained his judgment.

The law of this state on the question here presented has been fully defined in the case of Montgomery v. Hogan, 76 Okla. 243, 185 Pac. 81, wherein this court passed directly upon this question, holding adversely to defendant's contention, and cited authorities abundantly sufficient to sustain its conclusion.

Finding that the trial court did not err in refusing to set aside the judgment, it follows that the case should be affirmed.

TEEHEE, FOSTER, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.