**ADAMS v. CARSON et al.**

No. 21516.   Oct. 3, 1933.

J. D. Lydick, Eugene Jordan, and McPherren & Maurer, for plaintiff in error.

Arrington & Evans and R. H. Hudson, for defendants in error.

OSBORN, J.   This action was filed in the district court of Pottawatomie county by W. W. Adams against E. T. Carson, C. J. Becker, M. A. Vaughn, Phillips Petroleum Company, a corporation, H. L. Guild, R. N. Hargrove, Sara E. Wilsie, Paul Loy, Roy Jenkins. L. G. Vaughn, Mary M. Seaton, Robinson-Johnson Motor Company, a corporation, T. W. Robinson, and Paul X. Johnston, and is an action to cancel and set aside a judgment foreclosing a real estate mortgage on certain lands situated in said county. The parties will be referred to as they appeared in the trial court.

Upon a trial in the district court a demurrer to the evidence of plaintiff was sustained and the cause dismissed, from which order plaintiff has lodged this appeal.

The record shows that the lands in question were owned by A. G. Adams and Charlotte L. Adams, the parents of plaintiff, that on September 27, 1921, they executed a mortgage on said lands to the Conservative Loan & Trust Company, which was thereafter assigned to one Frank D. Ramsey, who instituted foreclosure proceedings in the superior court of Pottawatomie county on December 31, 1923; that summons was duly served upon A. G. Adams and Charlotte L. Adams, and thereafter, when it appeared that they had executed a warranty deed to said property to the plaintiff, a summons was issued to him. It is shown that Frank D. Ramsey died on September 13, 1924; that a motion to revive said action in the name of Luther R. Ramsey, administrator of the estate of Frank D. Ramsey, was filed on October 24, 1924. The summons to W. W. Adams was issued on October 18, 1924, after the death of Frank D. Ramsey and prior to the filing of motion for revivor, and as to him the proceeding was one in rem. A notice of revivor was served upon plaintiff herein on January 30, 1925, said notice stating that the motion would be heard on March 16, 1925.

No appearance was made and no pleadings were filed in said foreclosure action by plaintiff herein, and on October 12, 1925, a judgment of foreclosure by default was entered, a receiver was appointed, who collected the rentals from the plaintiff herein, and on August 31, 1926, the lands were sold at sheriff's sale to one Eva Neddeau, and the sale confirmed September 7, 1926. This action was filed on May 25, 1929.

Plaintiff contends that the judgment of foreclosure is void on its face and consequently he is not required to plead or prove a meritorious defense to said action, and that the defendants who have acquired various interests in said lands through the purchaser thereof at sheriff's sale are mere mortgagees in possession and plaintiff is entitled to redeem said lands by paying the amount of the mortgage indebtedness with interest, which he tenders into court, and to have title to said lands quieted in him.

Plaintiff contends that the summons issued to him in the foreclosure proceeding is fatally defective, said defect being shown in the officer's return. Said summons is hereinafter set out in full as follows:

"Summons—Superior Court

"State of Oklahoma

"Pottawatomie County    ss

"The State of Oklahoma, to the Sheriff of Osage County, Greetings:

"You are hereby commanded to notify W. W. Adams (Wynona, Okla.) that he has been sued by Frank D. Ramsey in the superior court of Pottawatomie county, Okla., and that he must answer the petition of said plaintiff Frank D. Ramsey filed against him in the clerk's office of said court on or before the 20th day of November, 1924, or said petition will be taken as true and judgment will be rendered accordingly.

· "You will make due return of this summons on or before the 31 day of October, 1924.

"Given under my hand and the seal of said court this 18 day of October, 1924.

"Mabel Marlatt, Court Clerk."
(Signature printed as part of summons)
"By Mahlon McKellar, Deputy
"(Seal)

"Suit brought for foreclosure

"If the defendant fail to answer, judgment will be taken for the sum of $_____, with interest at the rate of _____ per centum per annum from the _____ day of _____, 19____.

"Mable Marlatt, Clerk."
(Signature printed as a part of summons)
"By Mahlon McKellar, Deputy.

"I received this summons the 31 day of October, 1924, and executed the same in my county by delivering a true copy of the within summons with all the indorsements thereon to W. W. Adams.

"10-23-24

"C. A. Cook, Sheriff.

"By S. Srahy, Deputy

"Indorsed:

"Case No. 5091, Summons, Frank D. Ramsey, Plaintiff, v. A. G. Adams et al., Defendant, Issued Oct. 18, 1924, returnable Oct. 31, 1924, answer due Nov. 20, 1924, J. E. Whitehead, Attorney for Plaintiff.

"Filed in Superior Court Nov. 6, 1924, Pottawatomie County, Okla. Mable Marlatt, Court Clerk, by Mahlon McKellar, Deputy."

It is noted that the sheriff certified that he received the summons on October 31, 1924, and served the same on October 23, 1924. Plaintiff contends that, under the recital in the return, it was impossible for the sheriff to serve said summons on October 23, 1924, and that a proper construction of said return would be that if the summons was served subsequent to October 31, 1924, it would allow less than 20 days to the defendant to answer.

Plaintiff did not offer testimony contradicting the recital in the sheriff's return that said summons was served on October 23, 1924, as set forth therein. He did not attempt to prove that the summons was not

served upon him in any event, nor that same was served subsequent to October 31, 1924. His position is purely technical, and based upon the face of the record which shows irregularity. Jurisdiction of the person of the defendant in that action (plaintiff herein) could be obtained by the service of summons upon him. On this necessary step he had a right to insist, both in the original proceeding and in this action; but whether the sheriff indorsed on the original writ the correct day and hour of the receipt by him of the summons served upon plaintiff herein, as provided by section 879, C. O. S. 1921, was immaterial to the jurisdiction of the court to proceed in the cause. The fact of service, and not the mere incorrect recital of the sheriff as to the time of receipt of the writ, constituted the criterion of jurisdiction of the person of plaintiff in said action. The irregularity of the sheriff's recital, if called to the attention of the court in the original proceeding, could have been promptly and effectively corrected. But such irregularity cannot be challenged in an independent collateral proceeding. Goddard v. Harbour (Kan.) 44 P. 1055; Warren v. Wilner (Kan.) 60 P. 745; Orchard v. Peake (Kan.) 77 P. 281. That this proceeding is a collateral attack upon the judgment in the original cause is beyond question. Bruno v. Getzelman, 70 Okla. 143, 173 P. 850.

As a further basis for plaintiff's contention that the judgment in the original action is void, plaintiff asserts that no order of revivor was entered in said cause following the death of plaintiff, Frank D. Ramsey. In this connection the record shows that a motion for revivor was filed October 24, 1924, and on January 30, 1925, a notice was served on plaintiff herein, notifying him that said motion for revivor would be presented to the court on March 16, 1925, or as soon thereafter as the same could be heard; that this notice was delivered to said plaintiff in person by the sheriff of Osage county, as shown by the sheriff's return. The record does not show that a formal order of revivor was entered on the 16th of March, 1925; however, on October 12, 1925, a final judgment in said cause was entered, in which the following recital appears:

"On this, the 12th day of October, 1925, the same being one of the regular judicial days of the October term of said court, came . on for hearing in its regular order the above styled and numbered cause, and came the plaintiff by his attorneys J. E. Whitehead and C. H. Davis and announced ready for trial, and it appearing to the court that the defendants A. G. Adams, Charlotte L. Adams, W. W. Adams, C. M. Cade, and A. J. Fluke, as receivers of the Conservative Loan & Trust Company, and T. F. Soutgate have been duly, legally and timely served with summons in the manner and for the time as required by law, and having failed to appear at the trial of this said cause are now by the court adjudged to be in default, and the allegations in plaintiff's petition are by the court ordered taken as true and confessed as against said defaulting defendants and each of them; and it appearing to the court that this said cause was filed in the name of Frank D. Ramsey, and that since the filing of said suit, the said Frank D. Ramsey has departed this life, and that the said Luther R. Ramsey is administrator of the estate of Frank D. Ramsey, deceased, and that the said cause after service of notice upon all of said defendants, has been duly revived as against all said defendants and each of them. * * *"

The finding of the court that the cause was duly revived is not open to collateral attack.

In the case of Continental Gin Co. v. De-Bord, 34 Okla. 66, 123 P. 159, we find the following:

"The court likewise permitted evidence to be offered attacking the jurisdiction of the court over the person of the defendant in the foreclosure proceedings. In the decree of foreclosure, it is recited that the defendant appeared in person and by his attorney. The court admitted evidence tending to show that the defendant was not present; that at some time before the trial he sustained an injury which resulted in weakening of the brain; and that at the time the judgment was rendered he was non compos mentis. We think this was error, as the express finding of the court that the defendant was present at the time the judgment was rendered, both in person and by attorney, cannot be attacked in a collateral proceeding any more than any other express finding. The law provides methods of direct attack which furnish ample protection in such cases. In the trial of any lawsuit, it is necessary for the court to acquire jurisdiction over the person of the defendant; and when the court has solemnly passed upon this question of jurisdiction, and expressly found that the defendant was present, that finding is as conclusive in a collateral proceeding as the judgment of the court on any other question at issue in that case." (Citing authorities.)

See, also, Griffin v. Culp, 68 Okla. 310, 174 P. 495; Blackwell v. McCall, 54 Okla. 96, 153 P. 815; Daugherty v. Feland, 59 Okla. 122, 157 P. 1144; Hathaway v. Hoff-

man, 53 Okla. 72, 153 P. 184; Moffer v. Jones, 67 Okla. 171, 169 P. 652.

The above authorities are discussed and approved in the case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681. In said opinion, Mr. Justice Ramsey points out that "the recital of service in a judgment is not conclusive where it is positively contradicted by and in irreconcilable conflict with the record—the judgment roll".

In the case of Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029, it is said:

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in a legal sense, for the want of jurisdiction, unless its invalidity appears on the face of the record."

See, also, Edwards v. Smith, 42 Okla. 544, 142 P. 302; Lynch v. Collins, 106 Okla. 133, 233 P. 709; Miller v. Madigan, 90 Okla. 17, 215 P. 742; Harris v. Spurrier Lumber Co., 130 Okla. 99, 265 P. 637.

Section 435, O. S. 1931 (688, C. O. S. 1921), states that the record is made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court. The motion for revivor constitutes no part of the record or judgment roll. Savoy Oil Co. v. Emery, supra.

It is therefore clear that the judgment complained of is not void on its face, said invalidity not appearing on the judgment roll, and under the above decisions is not subject to collateral attack.

The above authorities are sufficient to dispose of the various contentions presented by plaintiff herein, but we do not deem it improper to enter a further discussion with reference to one of the specific contentions of plaintiff, that is, as to the validity of the summons issued to W. W. Adams in the original action which was issued and served after the death of the plaintiff and before an order of revivor was entered. Plaintiff argues that every action must have a party plaintiff and a party defendant, and when said summons was served, there was, in fact, no party plaintiff, and consequently no cause of action pending, and therefore the service of said summons was absolutely void, and no jurisdiction was ever had of the person of W. W. Adams, plaintiff herein.

We are unable to find a case where this exact state of facts has been presented. We are therefore compelled to rely upon authorities which are applicable by analogy.

Most of the cases deal with the validity of a judgment entered after the death of one of the parties. We deem said authorities to be analogous herein, since the entry of a final judgment, in which the ultimate rights of all of the parties are definitely determined, would not have less force than the issuance of a summons which merely notifies a party that proceedings are pending.

As to this issue, there is some conflict in the authorities. This court, however, is definitely committed to the majority rule, which we believe is supported by the better reasoning and constitutes the more stable procedure. In the case of Town of Jefferson v. Hicks, 33 Okla. 407, 126 P. 739, 41 L. R. A. (N. S.) 1053, through Mr. Justice Hayes, the court said:

"The text-writers seem to be unanimous in the assertion that the weight of authority sustains the doctrine that a judgment, although erroneous, is not void because rendered after the death of one of the parties occurring before the submission of trial of the cause where the court had obtained jurisdiction of the subject-matter of the action and of the person of the deceased before his death. Freeman on Judgments, sec. 153; Black on Judgments, sec. 200; 11 Encyc. of Plead. & Prac. p. 843. We have extensively examined the cases, and believe they support the assertion of the text-writers. An interesting collection and discussion of the cases will be found in a note to Wardrobe v. Leonard, 126 Am. St. Rep. 619. * * *

" 'While the court ought,' as said by one author, 'to cease to exercise its jurisdiction over a party at his death, the neglect to do so does not render such judgment void. It is voidable when properly assailed.' The reason upon which this rule is founded is that a contrary doctrine would be fraught with great mischief and evil in its results. The final judgments of courts of record ought to have some sanctity. It seems to us that a long step has been taken toward undermining and destroying the stability of all judgments of the court, when it is held that although the record shows the court had jurisdiction of the subject-matter, and had obtained regularly jurisdiction of the parties, and although the judgment upon its face is free from infirmities, and although the facts aliunde the record sustain the showing of the record that the court had acquired jurisdiction of the parties, a person who founds his rights upon such a judgment cannot feel secure therein or convince the world of its validity until he can show aliunde the record that at no step in the progress of the cause in the court the court lost jurisdiction because of the death of one of the parties. Such a rule would

occasionally surround the judgments of all the trial courts with great uncertainty, and would frequently have that effect upon judgments of this court, for a void judgment may be set aside at any time upon motion of either of the parties in the action, or upon motion of any one affected by it."

In the case of Hennessy v. Denihan (Conn.) 149 A. 250, a probate court had entered a final decree after the death of a person who was named as sole devisee, legatee, and executor under a will. In discussing said decree, the court stated:

"The decree of the probate court was not rendered void because of the fact that Hennessy had died before it was entered. His death did not deprive the court of jurisdiction and the judgment thereafter rendered was merely irregular. 'Forms of porceeding for the accomplishment of justice, whether through the use of a legal fiction or of particular kinds of judicial processes are but means to an end. They are not so essential to its attainment that every departure from them makes what is done a nullity.' Finch v. Burr, supra. page 686 of 79 Conn., 66 A. 504, 505. This decree of the probate court was, unless and until it was set aside in some appropriate proceeding, a valid subsisting judgment. Finch v. Burr, supra; Reid v. Holmes, 127 Mass. 326; Martin v. Wagner, 124 Cal. 204, 56 P. 1023; Jefferson v. Hicks, 33 Okla. 407, 126 P. 739, 41 L. R. A. (N. S.) 1053; New Orleans v. Gaines, 138 U. S. 595, 612, 11 S. Ct. 428, 34 L. Ed. 1102; Mitchell v. Schoonover, 16 Ore. 211, 17 P. 867, 8 Am. St. Rep. 282; 1 Black on Judgments (2d Ed.) sec. 200; 1 Freeman on Judgments (5th Ed.) sec. 122."

See. also. 15 R. C. L. par. 58, p. 618; 33 C. J. par. 62, p. 1107, and note.

Under the facts in the instant case, plaintiff's petition had been filed and a summons was issued and served on A. J. Adams and Charlotte L. Adams, C. M. Cade, and A. J. Fluke, receivers for the Conservative Loan & Trust Company, all of said parties being proper parties therein. Said service was had prior to the death of plaintiff. At that time the court was vested with jurisdiction of plaintiff and jurisdiction of the subject-matter of the action. Archer v. Holmes, 133 Okla. 267, 271 P. 1035; Kelly-Goodfellow Shoe Co. v. Todd, 5 Okla. 360, 49 P. 53.

Under the majority rule above referred to, the court did not lose jurisdiction of the action by the death of plaintiff. Under the better practice, the proceedings should have been suspended until an order of revivor had been entered, and a summons then issued and served on the defendant W. W. Adams in the name of the administrator of the estate of plaintiff in that case. The failure

to do so did not render the subsequent proceedings void, but voidable only, and subject to direct attack, but not subject to collateral attack.

There is no error in the judgment of the trial court, and the same is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ.. concur.