**BAKER v. SISK et al.**

**No. 6642.**

District Court, E. D. Oklahoma.

Dec. 17, 1938.

E. A. Adriaenssens, of Tulsa, Okl., John H. Scriba, of Wagoner, Okl., for plaintiff.

Miley, Hoffman, Williams, France & Johnson, of Oklahoma City, Okl., for defendant.

RICE, District Judge.

This case was originally filed in the District Court of Wagoner County, State of Oklahoma. Upon a petition of the defendant Ætna Life Insurance Company the cause was removed to this court. The petition of the plaintiff was filed with the Clerk of the District Court of Wagoner County, Oklahoma, on the 24th day of December, 1937. Plaintiff's cause of action as set forth in her petition is based upon a tort alleged to have been committed on the 24th day of December, 1935. The two year statute of limitations is applicable under the law of the State of Oklahoma.

The defendants in this court have filed what is designated a motion to dismiss. Said motion, omitting the formal parts, is as follows:

"1. To dismiss this action because the complaint fails to state a claim against the defendants, and each of them, upon which relief can be granted because the cause of action did not accrue:

"(a) Within two years next before the commencement of this action as prescribed by Section 95, subdivision third, Title 12, Oklahoma Statutes Annotated, Section 101, subdivision third, Oklahoma Statutes, 1931.

"(b) Within one year next before the commencement of this action as prescribed by Section 95, subdivision fourth, Title 12, Oklahoma Statutes Annotated, Section 101, subdivision fourth, Oklahoma Statutes, 1931."

After the filing by the defendants of the motion to dismiss plaintiff then filed a motion for an order of the court to amend the process or summons which was issued out of the District Court of Wagoner County, Oklahoma. The summons which was issued out of the District Court of Wagoner County, Oklahoma, bears the date December 27, 1937, and plaintiff asks to amend the summons to make the date read December 24, 1937.

Upon a hearing the facts in regard to the issuance of the summons were shown to be as follows: The attorney for the plaintiff filed plaintiff's petition in the District Court of Wagoner County, Oklahoma, on December 24, 1937, and at the same time filed a præcipe with the clerk for the issuance of a summons to each of the defendants. The præcipe was dated December 24, 1937. The petition was filed with the clerk sometime in the afternoon. The attorney for the plaintiff says it was filed soon after noon, and the clerk says it was filed near 5 o'clock in the afternoon. The attorney for the plaintiff did nothing more towards having the summons issued. Under the law it was necessary to send the summons to be served upon the Ætna Life Insurance Company to Oklahoma County. The Ætna Life Insurance Company, being a foreign corporation, the summons for it would have to be served upon its service agent in Oklahoma County. A special fee of $3 is charged for this sort of service. This fee of $3 is transmitted by the clerk in the form of a voucher which must be registered in the office of the County Treasurer. The clerk on December 24th prepared a summons of that date, but when he attempted to register his voucher in the office of the County Treasurer the office of the County Treasurer was closed. The evidence does not disclose whether the office of the County Treasurer closed before 5 o'clock on this particular afternoon or whether it was after 5 o'clock when the clerk attempted to have the voucher regis-

tered. In this situation the clerk waited until the next business day, which was December 27th. On December 27th he changed the date of the summons which he had prepared to December 27th, and changed the return day and answer day accordingly; had his voucher registered by the County Treasurer, and mailed the summons to the sheriff of Oklahoma County; and on December 27th he prepared a summons and issued it to be served upon the defendant Clyde A. Sisk. Before dating the summons December 27, 1937, the clerk called the attorney for the plaintiff and advised him of what he was doing and why, and the attorney for the plaintiff made no objection. The matter becomes important for the reason the statute of limitations is involved.

By statute the State of Oklahoma provides when an action is commenced. Section 164, Oklahoma Statutes 1931, 12 Okl. St.Ann. § 151, is as follows: "A civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

The statute under the title "Limitation of Actions," being Section 103, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 97, provides: "An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him."

By the terms of Section 166, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 153, it is made the duty of the clerk of the court to issue a summons upon a written præcipe filed by the plaintiff, which summons "Shall be dated the day it is issued."

Under the Oklahoma statutes two things are necessary for the commencement of an action, first, the filing of a petition and, second, procuring summons to be issued. The Supreme Court of the State of Oklahoma has held that an action is commenced by filing a petition and procuring a summons to be issued. Raymond v. Nix, Halsell & Co., 5 Okl. 656, 49 P. 1110; Archer v. Holmes, 133 Okl. 267, 271 P. 1035; Owens v. Clark, 154 Okl. 108, 6 P.2d 755, 758. In Owens v. Clark, supra, the following language is used: "An action is commenced in this state by the filing of a proper petition in a court having jurisdiction and causing summons to be issued thereon. The filing of the petition is not sufficient. There must be something else,

that is, a summons issued thereon and served or a bona fide attempt to serve the same."

When is a summons issued? Ruling Case Law states the general rule as follows: "A summons is issued when it is put out of the clerk's office under his sanction and authority, and given to an officer, or to someone else to give to an officer, for the purpose of being served." 21 R.C.L., page 1265, Sec. 5.

"When issuance of a writ is regarded as commencement of an action, its date will be deemed prima facie evidence of the time of its issuance." 1 R.C.L. page 359, Paragraph 20.

Something more, therefore, than the preparation of a summons is necessary to issue a summons. The word "issue" is in no sense synonymous with "preparation", and under the facts in the instant case it must be held that the summons was not issued by the Clerk of the District Court of Wagoner County, Oklahoma, until the morning of December 27, 1937, when he placed the summons to be served upon the defendant Ætna Life Insurance Company in the mails to be sent to Oklahoma County, and delivered to the sheriff the summons to be served upon the defendant Clyde A. Sisk. The evidence discloses that the summons bears the date that it was actually issued by the clerk. Under the statutes of Oklahoma it was the duty of the clerk to date the summons the day that it was issued.

The statutes of Oklahoma do not provide in express terms when the clerk shall issue the summons upon the filing of a præcipe by the attorney for the plaintiff. It might be presumed that he would perform his duties with due diligence and issue the same at the earliest opportunity in the due course of business. It can not be said from the evidence in this case that the clerk was in any way negligent in the performance of his duty. The closing of the office of the County Treasurer was a matter not under the control of the clerk. Finding the office of the County Treasurer closed the clerk on the next business day promptly issued the summons. It is not the duty of the clerk to examine the petition filed by the plaintiff to ascertain when the statute of limitations will run and determine therefrom whether or not it is necessary to issue a summons immediately.

Process of the court may be amended to correct clerical errors, but it can not be amended in any substantial particular unless the statute of amendment authorizes it. The general rule for amending defects of process is stated in Corpus Juris, Vol. 50, page 601, paragraph 344, as follows: "A frequently stated rule is that formal defects are amendable, but defects of substance are not amendable." To amend process by changing its date so as to bring an action within the statute of limitations would not be warranted unless it clearly appeared that the date was a clerical error and that the summons was actually issued on another and different date. To change the date of the summons in this case as requested by the plaintiff would be a judicial extension of the statutory period of limitation.

After the taking of testimony on plaintiff's motion to amend the process the court took under advisement the plaintiff's motion and the defendants' motion to dismiss. Thereafter, and before the entry of a formal order, the parties were advised of the ultimate ruling of the court. Before the entry of the formal order the plaintiff filed a motion to dismiss without prejudice, it being stated in the motion that the purpose of the dismissal was to refile the cause in the state court and submit the issue to the state court. This action of the plaintiff presents several procedural questions under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This action was removed to the Federal Court prior to the effective date of the Federal Rules of Civil Procedure. A motion to remand to the state court had been denied prior to the effective date of the new rules. On September 29, 1938, the defendants filed what they designated a motion to dismiss. Rule 81(c) is as follows: "These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal."

Rule 86 provides as follows: "They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

Both parties have endeavored to comply with the new rules since their effective date and under the circumstances the new rules rather than the former procedure should apply to this case.

The right of the plaintiff to dismiss without prejudice depends upon the disposition of the pleading which the defendants have filed and which they designate a motion to dismiss. Under the Federal Rules of Civil Procedure, Rule 7(a), the pleadings allowed are a complaint and an answer and, under certain conditions not present in this action, a reply. Rule 7(b) provides that an application may be made by a motion to the court for an order and the plaintiff in filing her motion to amend the process was proceeding under this provision of the rules. The defendants apparently were proceeding under Rule 12(b)(6) which provides for the filing of a motion to dismiss for "Failure to state a claim upon which relief can be granted." In so doing the defendants disregard Rule 8(c) which provides that the statute of limitations is an affirmative defense to be set forth in a pleading rather than a motion. The defendants may not in a motion to dismiss raise the issue of the statute of limitations. Under the rules, as well as under the law as declared by the Supreme Court of the State of Oklahoma, the statute of limitations is a matter of defense and is a defense that may in any case be waived. Nothing appears in the petition filed by the plaintiff which shows that her cause of action is barred by the statute of limitations. Plaintiff's petition states a claim upon which relief may be granted. The motion to dismiss provided for under the rules is not designed to reach a case in which the plaintiff would not be entitled to any relief after the matters of defense have been presented. In other words it may not be substituted for an answer.

The question then arises, Is the pleading filed by the defendants a motion to dismiss or is it an answer? This is to be determined not by the designation given it by the defendants but by the contents of the pleading. The name given to a pleading does not change the nature of the pleading. And, although the defendants have designated the pleading a motion to dismiss, it is, we think, in fact an answer and will be treated as such.

Having determined that the pleading filed by the defendants is an an-

swer, we proceed to a consideration of the plaintiff's motion to dismiss without prejudice. By the provision of Rule 41(a) the plaintiff has the right, without an order of court, to dismiss by filing a motion of dismissal at any time before service of the answer. Such a dismissal on the part of the plaintiff is without prejudice unless otherwise stated in the notice. But after the service of an answer, under Rule 41(a), the plaintiff has not the right to dismiss save upon order of court and upon such terms and conditions as the court deems proper. After the service of an answer the right of the plaintiff to dismiss without prejudice is a matter within the discretion of the court.

Rule 1 F.R.C.P. provides as follows: "They [referring to the rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

The actual situation is that the plaintiff is barred by the statute of limitations from maintaining a suit against the defendants under the decision of this court. That decision was reached upon a hearing as to the facts pertaining to the question of limitations and an application of the state law to those facts by this court. Now the plaintiff seeks to dismiss her action in this court and frankly states that her purpose is to refile the same in the state court, we presume for less than $3,000, and see if the state court will reach a different conclusion upon the legal question involved. To permit her to do this would violate every purpose and intent of the new rules as expressed in Rule 1, and the plaintiff's motion to dismiss without prejudice is denied.

After plaintiff's motion to dismiss without prejudice was denied the defendants filed their motion for a summary judgment in accordance with Rule 56(b). Same was served upon the plaintiff and after ten days the same is now before the court for consideration. The pleadings and the record in this case, which includes the testimony taken in open court on the question of the right of the plaintiff to amend the process in this cause, sustains the defendants' motion for a summary judgment. Rule 56(b) is as follows: "A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judg-

ment in his favor as to all or any part thereof."

Rule 56(c) provides: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The record in this case discloses that the plaintiff can not successfully refute the defendants' plea of the statute of limitations. Her cause of action being barred, the defendants are entitled to a judgment as a matter of law.[1]

---

[1] Judgment subsequently set aside by Judge RICE and case remanded to the state court.