MAY, Adm'r, et al. v. CASKER.

No. 29326. Sept. 17, 1940.

Rehearing Denied Dec. 3, 1940.

Application for Leave to File Second Petition for Rehearing Denied Feb. 25, 1941.

*110 P. 2d 287.*

Blanton, Curtis, & Blanton, of Pauls Valley, for plaintiffs in error.

J. D. Cofield, of Pauls Valley, for defendant in error.

BAYLESS, C. J. Robert May, Adm'r, et al. appeal from a judgment of the district court of Garvin county in favor of G. T. Casker.

The evidence shows that September 26, 1932, Vivian Casker filed an action in the district court of Garvin county against G. T. Casker for a divorce and adjustment of property rights, but no summons was issued then or thereafter. On the same day a restraining order was issued, but this was never served. Casker knew of the filing of the action and the issuance of the restraining order, and it is admitted that he concealed himself and evaded service of process at all times. He induced an attorney at Pauls Valley to visit him by the roadside, and there they discussed the pending action, and the attorney was employed. The purpose of this employment and the extent of the services to be performed will be discussed later. This attorney conferred with Mrs. Casker's attorney, and later visited Casker at a roadside rendezvous for a second conference, but what was concluded and agreed upon is not clear. About November 18, 1932, Casker notified his attorney of his intention to leave the county and the attorney treated this as a termination of his services, and did nothing toward representing him thereafter. As soon as Mrs. Casker's attorney learned of these developments, he had the case set for trial on its merits, and on December 5, 1932, the case was tried and judgment rendered for Mrs. Casker for a divorce and title to the property of the parties. The matter of the lack of service upon Casker was called to the attention of the court, and the following affidavits were introduced in evidence:

"J. T. Blanton, being first duly sworn, states that he is the attorney of the firm of Blanton, Curtis & Blanton, having charge of the above styled and numbered cause for and on behalf of the plaintiff, Vivian Casker; that Mac Q. Williamson was employed by the defendant, G. T. Casker, to represent the defendant, G. T. Casker, herein, and that soon after the institution of said action, and the employment of said Mac Q. Williamson by the said G. T. Casker, this affiant agreed with the said Mac Q. Williamson that the said Mac Q. Williamson should enter the appearance of his client, G. T. Casker, in said action, and that this affiant would not attempt to obtain service of summons upon him; that the said Mac Q. Williamson agreed that he would so enter said G. T. Casker's appearance herein, and that there was no necessity for issuance and service of summons upon him, and that relying upon said agreement this affiant made no further attempt to serve the said defend-

ant, G. T. Casker, but depended upon said Mac Q. Williamson entering his appearance herein; that this affiant depending upon said agreement being carried out, and relying thereon made no further attempt to secure service or obtain default judgment against said defendant, G. T. Casker, but agreed that he should have sufficient time to make up the issues, prior to the trial of this cause, and but for said agreement would have obtained service of summons upon him; that said affiant saw said defendant, G. T. Casker, a number of times after the entering into of said agreement prior to his leaving this country; but that heretofore, and on the 18th day of November, 1932, said G. T. Casker advised the said Mac Q. Williamson that he was discharged as such attorney; that at said time each of the parties hereto from and after said agreement had treated and considered said action pending and defendant was granted time in which to plead or answer by the defendant, and said action stood and was treated by all parties as if full jurisdiction had been obtained over the said G. T. Casker."

"(Seal)          J. T. Blanton.

"Mac Q. Williamson being duly sworn says that he was employed by the defendant, G. T. Casker, in an action in the district court of Garvin county, Oklahoma, in which one Vivian Casker, his wife, was plaintiff, and that upon his employment by the said G. T. Casker in said cause and soon after the institution of the said action, he agreed with the attorneys for the plaintiff in said action to enter the appearance of the said G. T. Casker in said action and waive the issuance and service of a summons on said G. T. Casker therein; that thereafter the said action stood as if the said appearance had been made and that affiant meant to enter the said appearance, but that on or about the 18th day of November the said G. T. Casker wrote this affiant a letter which is attached to this affidavit in which he the said Casker discharged this affiant as such attorney; that after the making of the said agreement both the parties to the said action treated the same as pending and defendant was granted time by the plaintiff to plead or answer therein, and that said action stood and was treated as if full jurisdiction had been obtained over the said G. T. Casker."

"Mac Q. Williamson."

The trial court made this finding:

"* * * And thereupon the court finds that the defendant, G. T. Casker, has entered his appearance in this case, and has employed his attorney, who has made certain agreements respecting the conduct of this case with the attorneys for the plaintiff, and the defendant, G. T. Casker, has asked, and procured a continuance of this case, and has thereby entered his general appearance, and the court directs that this cause proceed to trial."

The affidavits are not a part of the judgment roll, yet they are set out herein for the purpose of showing that the trial court in the divorce action considered them in determining whether it had jurisdiction of the parties. Mrs. Casker died in 1935, and this action was filed June 4, 1936.

In the petition filed in this action by Casker, he deraigned his title to certain real estate and asserted he was the owner thereof and entitled to possession. In the second paragraph he alleged that the administrator and the legal heirs of Vivian Casker, deceased, claimed some title and estate in and to said property and such claim constituted a cloud on his title. Paragraph 3 of the petition reads:

"That on or about the 5th day of December, 1932, the said Vivian Casker attempted to obtain a divorce decree in the district court of this county in case No. 10540, but plaintiff says that said decree if obtained is void and of no effect for the reason that no summons was ever issued or served on this plaintiff in said cause; that this plaintiff was never at any time, in said cause, in court and said decree, if any, is wholly void."

In the prayer he asks that his title to the property be quieted as against the defendants. There was a second cause of action for other relief not material to the consideration of this appeal.

The heirs of Mrs. Casker defended by asserting the validity of the divorce judgment, and pleading estoppel. The judgment entered in this case held the divorce judgment void because "Casker was never served with summons or never

450

entered, or made, his appearance in said cause and the court was without jurisdiction of the person of G. T. Casker." The judgment was entered as to the real estate only, and the other causes of action were continued for later hearing.

The proposition argued by appellants covers three points, 2 and 3 being practically the same. It reads:

"That the recital of the jurisdictional facts contained in the decree in the case of Vivian Casker v. G. T. Casker, in the district court of Garvin county, Oklahoma, cannot be attacked in a collateral proceeding of the nature of that involved in this action; that said recital is conclusive and the judgment in favor of the plaintiff in the case at bar is not sustained by sufficient evidence and the court should have sustained the motion of plaintiffs in error for judgment because of the insufficiency of the evidence."

We do not think the plaintiff can maintain the action. Without entering into a discussion respecting the validity of the divorce judgment, it is clear that the present action is a collateral attack. 15 R. C. L. 838, § 311, citing Hester v. Hester, 103 Miss. 13, 60 So. 6, Ann. Cas. 1915B, 428.

The judgment roll in the divorce case includes the decree of judgment itself, which includes an express finding of jurisdiction of the person of the defendant in that action, the plaintiff herein, based upon his voluntary appearance. The judgment roll is otherwise regular upon its face. This finding is not subject to collateral attack. Hester v. Hester, supra; and numerous cases digested in Divorce Key No. 168, Am. Dig. (West). Our own decision in Adams v. Carson, 165 Okla. 161, 25 P. 2d 653, and the decisions upon which it is based, show that we had adopted and long followed this general rule.

We do not think the decisions by plaintiff are controlling. There is nothing in the judgment roll to contradict or impeach the finding of the court that Casker entered his appearance in that action.

Since the general law is that a defendant who has not been served may nevertheless submit to the jurisdiction of the court by a voluntary appearance, section 175, O. S. 1931, 12 O. S. A. § 162, and 3 Am. Jur. 785, § 7, and 6 C. J. S. 11, § 2, the recital in a judgment that the defendant has entered an appearance is as conclusive on collateral attack as a finding that service has been made, where neither finding is contradicted by the judgment roll.

The judgment is reversed, with directions to dismiss the action.

RILEY, CORN, HURST, and DANNER, JJ., concur.